FILED by RB D.C.

ELECTRONIC

FEB. 8, 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FANE LOZMAN,

    Plaintiff,

vs.

CITY OF RIVERIA BEACH, a Florida municipal corporation, MICHAEL BROWN, an individual, GLORIA SHUTTLESWORTH, an individual, NORMA DUNCOMBE, an individual, VANESSA LEE, a individual, ELIZABETH WADE, an individual, ANN ILES, an individual, and GEORGE CARTER, an individual,

    Defendants.

Case No. _____

**08-80134-CIV-HURLEY/HOPKINS**

## COMPLAINT

Plaintiff, FANE LOZMAN ("LOZMAN") sues defendants, CITY OF RIVERIA BEACH ("RIVERIA BEACH"), MICHAEL BROWN in his individual capacity, GLORIA SHUTTLESWORTH in her individual capacity, NORMA DUNCOMBE in her individual capacity, VANESSA LEE in her individual capacity, ELIZABETH WADE in her individual capacity, ANN ILES in her individual capacity, and GEORGE CARTER in his individual capacity, and alleges as follows:

### Nature of the Case

1.     This action for money damages is brought pursuant to 42 U.S.C. Sections 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Florida against the City of Riviera Beach and former and current city officials.

{041231-001 : KHURS/KHURS : 00538633.DOC; 3}

2. This action is brought by FANE LOZMAN, a civic activist, against the City of Riviera Beach and its public officials who used the power of their office to retaliate against LOZMAN for his advocacy criticizing the city and its policies and for LOZMAN'S interaction with Governor Bush, Speaker of the House Bense and the Attorney General's office in a legal action which led to the defeat of a redevelopment effort that was to take thousands of homes and businesses via eminent domain. In an effort to silence and discredit LOZMAN, the City through its city administration and police department waged a campaign against him which included false arrest, threats, intimidation, harassment, and a failed eviction attempt from the city marina. These actions were taken to silence LOZMAN and to punish him for exercising his First Amendment rights.

### Jurisdiction and Venue

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331(a) and 42 U.S.C. § 1983, as well as principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. This action is brought before the Court in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) and at the West Palm Beach, Florida, Division of the Southern District pursuant to Local Rules 3.1(F) and 3.4(D) S.D. Fla. Local Rules.

### Parties

5. LOZMAN was at all material times a resident of RIVIERA BEACH, Palm Beach County, Florida.

6. RIVIERA BEACH is a municipal corporation in Palm Beach County, Florida.

{041231-001 : KHURS/KHURS : 00538633.DOC; 3}

7.  The governing body of RIVIERA BEACH is its City Council, and all powers of the RIVIERA BEACH and the determination of all matters of policy are vested in the City Council.

8.  Defendant MICHAEL BROWN was at material times the Mayor of RIVIERA BEACH.

9.  Defendants NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, and ANN ILES are or were council members of VERO BEACH at material times.

10. Defendant GLORIA SHUTTLESWORTH is or was at material times the Assistant City Manager. Defendant GEORGE CARTER is or was at material times the Marina Director of RIVIERA BEACH.

## General Allegations

11. In 2006, LOZMAN moved to RIVIERA BEACH. He is the owner of a floating home, which is his registered homestead, at 200 East 13th Street, Marina Slip # 452 Riviera Beach, Florida.

12. LOZMAN leases the boat slip for this floating home from the RIVIERA BEACH City Marina.

13. At or around the time that LOZMAN moved to RIVIERA BEACH in March 2006, LOZMAN became aware of RIVIERA BEACH's planned re-development project.

14. The re-development plan proposed the taking of thousands of homes and business through the power of eminent domain for the purpose of development of new residential and commercial properties.

15. LOZMAN made public comments against the re-development and the corruption he perceived in the city government at various RIVIERA BEACH City Council and Community Redevelopment Agency public meetings in 2006 and 2007.

16. LOZMAN was removed by the police from a regularly scheduled meeting of the RIVIERA BEACH City Council while speaking from the podium during the public comments portion of the meeting on May 10, 2006.

### Government-in-the-Sunshine Law

17. LOZMAN was then denied access to a special meeting of the RIVIERA BEACH City Council following the regularly scheduled meeting preceding it on May 10, 2006.

18. The meeting was not properly noticed in violation of the Sunshine Law.

19. On June 7, 2006, LOZMAN filed a lawsuit against RIVIERA BEACH, MICHAEL BROWN, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, and ANN ILES, alleging a violation of the Government-in-the-Sunshine Law.

### RIVIERA BEACH's Retaliation against LOZMAN

20. On June 28, 2006, RIVIERA BEACH held a scheduled closed executive session. This meeting was recorded and the transcript of this proceeding has now been made a public record. At this meeting, RIVIERA BEACH officials discussed defense of the Sunshine lawsuit brought by LOZMAN and the need to do "whatever we deem necessary" in the defense of that suit, including "background investigation on Lozman" and the hiring of a private investigator to determine who was "funding" the Sunshine suit. In addition, RIVIERA BEACH wanted to investigate LOZMAN to determine whether he was connected with an entity called the Pacific Foundation, the governor, the Attorney General's office, the legislature and local citizens that RIVIERA BEACH perceived as being opposed to the proposed re-development by RIVIERA

BEACH. LOZMAN's Sunshine lawsuit had been publicly supported by comments from Governor Bush and Speaker of the House Bense to the media. Their offices along with the Attorney General's office cooperated with LOZMAN's attorneys who prepared the Sunshine lawsuit.

21. As a result of LOZMAN's lawsuit against RIVIERA BEACH alleging a violation of the Government-in-the-Sunshine Law, RIVIERA BEACH, through its City Council, its various subdivisions and its individual employees embarked on a campaign of harassment and retaliation against LOZMAN for the purpose of punishing LOZMAN for exercising his right to petition the government for redress of grievances, including his constitutional right of access to the courts, and in order to intimidate LOZMAN and deter him from exercising such rights in the future.

22. The conduct of Defendants, MICHAEL BROWN, GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN ILES, and GEORGE CARTER, as alleged herein, involved reckless and callous indifference to LOZMAN's First Amendment right to petition the government without retaliation.

23. The City Council has directed RIVIERA BEACH employees, specifically marina employees and city policy officers to find means of harassing and retaliating against LOZMAN, and GEORGE CARTER took the lead in carrying out that directive.

24. The RIVIERA BEACH City Marina notified LOZMAN by letter dated August 9th, 2006, from Marina Director George Carter, that LOZMAN was in violation of the Riviera Beach Municipal Marina Agreement and its rules and regulations for walking his dog without a muzzle. The letter asserted that although LOZMAN's dog, a ten-pound dachshund, had not

bitten anyone, it was only a matter of "when" the dog would bite someone. The letter informed LOZMAN that he had until August 31, 2006 to vacate the Marina.

25. LOZMAN did not vacate the Marina and RIVIERA BEACH commenced an eviction against him in September 2006. This action was tried before a jury and the jury returned a verdict in favor of LOZMAN on the eviction count finding that the eviction was motivated by LOZMAN's exercise of protected speech.

26. RIVIERA BEACH's harassment and retaliation culminated in November 2006. On November 15, 2006, during the public comments portion of the city council meeting, LOZMAN calmly approached the podium and began making his comments. Unhappy with his comments, RIVIERA BEACH, through its officials, instructed law enforcement officers to arrest LOZMAN and remove him from the meeting. LOZMAN was handcuffed while still making his public comments thus depriving him of his rights guaranteed by the First Amendment and his rights to attend a public meeting as set forth in Florida's Sunshine Law. The entire incident was caught on videotape.

27. RIVIERA BEACH claimed that LOZMAN was arrested for disorderly conduct, trespassing, and resisting arrest without violence.

### RIVIERA BEACH's Campaign of Harassment and Retaliation

28. The campaign of harassment and retaliation against LOZMAN did not cease after his arrest. LOZMAN continued to attend public meetings and was excluded from certain meetings and his public comments censored.

29. RIVIERA BEACH's harassment and retaliation included:

   a. Attempting to coerce LOZMAN into dismissing his Government-in-the-Sunshine lawsuit.

b.   Attempting to censor LOZMAN on issues of the re-development and the corrupt government acts of RIVIERA BEACH;

c.   Sending LOZMAN a letter on or about August 9, 2006, that stated that walking his dog, a ten-pound dachshund, without a muzzle violated RIVIERA BEACH Municipal Marina Agreement and that LOZMAN had until August 31, 2006, to vacate the marina. No such muzzle rule existed prior to August 2006;

d.   Agreeing to hire a private investigator to investigate and/or follow LOZMAN;

e.   Instructing Marina employees to call the RIVIERA BEACH police department whenever LOZMAN walked his dog without a muzzle;

f.   Refusing to allow LOZMAN to repair his boat, despite the fact that others were allowed to repair their boats;

g.   Calling the RIVIERA BEACH police department when LOZMAN attempted to repair his boat;

h.   Denying LOZMAN's crewmember, Jonathon Gryder, access to LOZMAN's boat for several days;

i.   Denying LOZMAN's request to move to a deeper slip which would accommodate the size of his boat;

j.   Denying LOZMAN's request to move to a slip where he could place an aluminum ramp that would provide him, a disabled person protected by the Americans with Disabilities Act, access to and from the boat and the dock.

k.   Filing a non-meritorious suit to evict LOZMAN from the slip at the Marina based upon alleged violations of Marina rules and regulations that did not exist;

{041231-001 : KHURS/KHURS : 00538633.DOC; 3}   7

l. Arresting LOZMAN for disorderly conduct, trespassing, and resisting arrest without violence on or about November 15, 2006, while speaking during the public comment portion of a city council meeting;

m. Publicly stating that LOZMAN does not have a First Amendment right to speak while he was speaking during the public comment portion of a City Council meeting on or about January 3, 2007;

n. Causing LOZMAN to be physically removed from a City Council meeting on or about January 3, 2007;

o. Causing LOZMAN to be physically removed from a City Council meeting on or about May 2007;

p. Censoring LOZMAN's comments at public meetings of the RIVIERA BEACH City Council and Community Redevelopment Agency from June 2007 through the present.

## COUNT I – 42 U.S.C. § 1983

30. This is an action for injunctive relief and for damages under Title 42, U.S.C. § 1983.

31. The allegations of paragraphs 1 through 29 are incorporated by reference into this Count and are re-alleged as if fully set forth herein.

32. LOZMAN has a right to petition the government under the First Amendment of the Constitution of the United States of America, a right to be free from unreasonable seizures under the Fourth Amendment, as applied to the states through the Fourteenth Amendment.

33. LOZMAN's right to petition the government includes the right to petition it without fear of retaliation by the government against him.

{041231-001 : KHURS/KHURS : 00538633.DOC; 3}   8

34. RIVIERA BEACH, through its Council Members, determined that RIVIERA BEACH should retaliate against LOZMAN for his exercise of his right to petition the government and right to free speech.

35. RIVIERA BEACH through its Council Members acting for itself and by direction to its subordinate boards, inspectors, officers and employees, has commenced an intentional campaign to harass and damage the reputation of LOZMAN.

36. At all times alleged in this Count, RIVIERA BEACH and its individual Council members, board members, inspectors, officers and employees acted under color of state law and in the effectuation of the policies of the Council Members.

37. Defendants deprived LOZMAN of rights secured to him under the First and Fourth Amendments of the Constitution of the United States of America, including LOZMAN's right to petition the government for redress of grievances and his right to speak out freely on public issues, and to be free from unreasonable seizures.

38. Defendants accomplished this deprivation by harassing and retaliating against LOZMAN, culminating in his arrest at a public meeting while making comments. The conduct comprising the deprivation of LOZMAN's constitutional rights include but are not limited to, the conduct alleged in paragraph 29 above.

39. RIVIERA BEACH intended by each of these actions to punish and retaliate against LOZMAN for exercising his First Amendment Rights and to deter LOZMAN and others from exercising such rights in the future.

40. Each of the actions set forth in paragraph 29 of this complaint was taken pursuant to a custom, policy, or decision made by a governmental official with final policymaking authority.

41. As a result of RIVIERA BEACH's campaign to harass, retaliate and punish LOZMAN, LOZMAN has been deprived of his right to petition the government secured under the First Amendment to the Constitution of the United States of America free from retaliation, and his right to be free from unreasonable seizures.

42. As a result of RIVIERA BEACH's campaign to harass, retaliate and punish LOZMAN, LOZMAN has been deprived of both substantive and procedural due process guaranteed under the Fourteenth Amendment of the Constitution of the United States of America.

43. As a result of RIVIERA BEACH's campaign to harass, retaliate and punish LOZMAN, LOZMAN has been deprived of equal protection guaranteed under the Fourteenth Amendment of the Constitution of the United States of America by virtue of RIVIERA BEACH's discriminatory and disparate treatment of LOZMAN in the application of its policies, procedures, regulations, ordinances and other laws.

44. As result of the actions and conduct of defendants, LOZMAN has no adequate remedy at law and is suffering irreparable injury as a result of RIVIERA BEACH's ongoing campaign to harass him which injury cannot be redressed in the absence of a permanent and mandatory injunction requiring RIVIERA BEACH to end its campaign of intentional harassment and retaliation against LOZMAN in response to LOZMAN's exercise of free speech and attempts to require RIVIERA BEACH to conduct its business in accordance with the Government-in-the-Sunshine Law.

45. The acts of defendants described above were maintained under color of the law of the State of Florida and under the color of the individual defendants' respective offices as officers and agents of the State of Florida and of RIVIERA BEACH.

46. Each of the individual defendants organized, conspired, or participated in the intentional scheme to punish and retaliate against LOZMAN for LOZMAN having exercised the right to petition the government for the redress of grievances.

47. The acts of the individual defendants was so obviously wrong in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing.

48. LOZMAN has suffered damage as a result of defendants' violation of his Civil Rights including, but not limited to:

    a. Damage to his reputation;

    b. Injury to his person;

    c. Embarrassment, public humiliation, emotional distress, and mental anguish;

    d. Damages for out of pocket expenses incurred as a result of defendants' wrongful actions;

    e. Attorneys' fees and costs incurred by LOZMAN as a result of and in response to defendants' deprivation of LOZMAN's civil rights.

    f. Attorneys' fees and costs incurred by LOZMAN in response to each individual wrongful act committed by defendants in furtherance of RIVIERA BEACH's overall scheme to harass, retaliate against, and punish LOZMAN.

49. LOZMAN has employed the undersigned to pursue this action and has contracted to pay a reasonable attorneys' fee, for which fee and the costs of this action, LOZMAN is liable under the provisions of Title 42 U.S.C. § 1988.

50. All conditions precedent to the filing of this action has occurred or has been waived.

WHEREFORE, LOZMAN respectfully requests that this Court enter judgment as follows:

    a. Awarding compensatory damages as a result of defendants' deprivation of LOZMAN's civil rights as secured by the United States Constitution, including compensatory damages for (i) damage to his reputation; (ii) embarrassment, public humiliation, emotional distress, and mental anguish; (iii) damages for out of pocket expenses incurred as a result of defendants' wrongful actions; (iv) attorneys' fees and costs incurred by LOZMAN as a result of and in response to defendants' deprivation of LOZMAN's civil rights; and (v) attorneys' fees and costs incurred by LOZMAN in response to each individual wrongful act committed by defendants in furtherance of RIVIERA BEACH's overall scheme to harass, retaliate against, and punish LOZMAN.

    b. Enter a mandatory permanent injunction enjoining defendants, their agents, employees, and all others acting in concert with them from taking any further retaliatory action against LOZMAN or further demeaning or disparaging LOZMAN's character.

    c. Awarding LOZMAN fees and costs in this action under 42 U.S.C. § 1988.

    d. Awarding such further and other relief as may be deemed just and proper.

### COUNT II - FALSE ARREST

51. This is an action for common law false arrest.

52. The allegations of paragraphs 1 through 29 are incorporated by reference into this Count and are re-alleged as if fully set forth herein.

53. On or about November 15, 2006, LOZMAN was arrested at a RIVIERA BEACH City Counsel meeting for speaking during the public comment portion of the meeting.

54. LOZMAN was removed and arrested at the direction of the RIVERIA BEACH City Council.

55. RIVIERA BEACH, through its police department, intentionally arrested and detained LOZMAN without an arrest warrant and without probable cause in that RIVIERA BEACH knew or had reason to know at the time of his arrest and detention that LOZMAN had not committed any crime.

56. LOZMAN was charged with disorderly conduct, trespassing, and resisting arrest without violence.

57. State prosecutors declined to prosecute LOZMAN.

58. RIVIERA BEACH's detention of LOZMAN was unreasonable and unwarranted by the circumstances in that LOZMAN is a resident of RIVIERA BEACH who was lawfully speaking at a City Counsel Meeting and who had not committed any crime.

59. LOZMAN's arrest was publicized in RIVIERA BEACH and throughout Palm Beach County in print and television coverage.

60. LOZMAN has suffered damage as a result of the false arrest including, but not limited to:

    a. Damage to his reputation;

    b. Embarrassment, public humiliation, emotional distress, and mental anguish; and

    c. Attorney fees incurred in securing his release.

61. All conditions precedent to the filing of this action has occurred or has been waived.

WHEREFORE, LOZMAN respectfully requests that this Court enter judgment as follows:

    a. Awarding compensatory damages as a result of damage to his reputation; embarrassment, public humiliation, emotional distress, and mental anguish;

    b. Awarding attorney fees incurred in securing his release; and

    c. Awarding such further and other relief as may be deemed just and proper.

LOZMAN DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                                    COBB COLE

                                    By: _____
                                    R. Brooks Casey
                                    FLA. BAR NO.0589721
                                    Post Office Box 2491
                                    Daytona Beach, FL  32115-2491
                                    Telephone:  (386) 255-8171
                                    Facsimile:  (386) 248-0323
                                    ATTORNEYS FOR FANE LOZMAN

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
FANE LOZMAN

**DEFENDANTS**
CITY OF RIVERIA BEACH, a Florida municipal corporation, MICHAEL BROWN, an individual, GLORIA

(b) County of Residence of First Listed Plaintiff: Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bruce A. Hanna
Cobb Cole
150 Magnolia Avenue
Daytona Beach, FL 32114

Attorneys (If Known)

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

08CV80134  DTKH/JMH

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | **FEDERAL TAX SUITS** | |
| | ☑ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE                                DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution. Mr. Lozman was retaliated against by the City of Riviera Beach and City Officials
LENGTH OF TRIAL via 7 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 2-7-08

FOR OFFICE USE ONLY
AMOUNT 350     RECEIPT #         IFP

723714