UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80134-CIV-HURLEY

**FANE LOZMAN,**
    plaintiff

vs.

**CITY OF RIVIERA BEACH et al.,**
    defendants
_____/

**ORDER OF FINAL DISMISSAL WITH PREJUDICE & CLOSE-OUT**

On May 31, 2011, this Court granted the defendants' motion to dismiss the plaintiff's § 1983 First Amendment retaliation claims and false arrest claims to the extent premised on events occurring prior to July 1, 2008 based on *Rooker-Feldman* and *res judicata* doctrine [DE# 63]. At the same time, the court denied the defendants' motion to dismiss the First Amendment retaliation claim to the extent premised on defendants' alleged impermissible retaliatory motive in lodging a post July 1, 2008 federal admiralty action against Lozman which resulted in the forced sale and forfeiture of plaintiff's floating residence at the Riviera Beach marina.

The court noted that collateral estoppel principles may bar the pursuit of the latter claim in light of plaintiff's unsuccessful assertion of a First Amendment retaliation defense to the claims lodged in the federal admiralty action. Further noting the pendency of an appeal before the Eleventh Circuit Court on the final judgment entered in favor of the City in that action, the court stayed the claim pending resolution of the appeal.

The parties have since advised that the Eleventh Circuit has upheld the judgment entered in favor of the City in the federal admiralty action. *City of Riviera Beach v. That Certain Unnamed*

*Gray, Two Story Vessel Approximately Fifty-seven Feet in Length*, 649 F.3d 1259 (11th Cir. August. 19, 2011). All defendants have since renewed their motions to dismiss the plaintiff's remaining First Amendment claim based on collateral estoppel [DE# # 64, 65].

In response, the plaintiff does not contest the defendants' invocation of collateral estoppel principles as a preclusive bar to this suit, but asks the court to extend the stay and suspend entry of final judgment pending disposition by the United States Supreme Court of an anticipated petition for writ of certiorari, or alternatively, until the time for seeking review of the Eleventh Circuit's opinion has expired.

The court declines to extend the stay in this fashion. A pending appeal does not prevent the application of collateral estoppel or *res judicata* principles. *Jaffree v Wallace,* 837 F.2d 1461, 1467 (11th Cir. 1988)("'The established rule in the federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal'"), quoting Wright, Miller & Cooper, Federal Practice and Procedure § 4433; *Prager v. El Paso National Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969)(*per curiam*)("The fact that the judgment is now on appeal ... (where it remains undecided) has no effect on its absolute effect as a bar"); *Prymer v Ogden,* 29 F.3d 1208, 1213 n. 2 (7th Cir. ), *cert. den.*, 513 U.S. 1057 (1994); *United States v. Safety National Casualty Corp.* ___ F. Supp. 2d ____, 2011 WL 1100268 (S.D. Tex. 2011)(pending appeal does not bar application of collateral estoppel); *Pincus v Law Offices of Erskine & Fleisher*, 617 F. Supp. 2d 1265 (S. D. Fla.. 2009).

Federal preclusion principles apply to prior federal decisions. Under federal common law, collateral estoppel bars re-litigation of an issue of fact or law litigated in a prior suit where the following elements are present: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was critical and

necessary to the outcome of the prior proceeding, and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *CSX Transp. Inc. v Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309 (11th Cir. 2003); *I.A. Durbin, Inc. v Jefferson Nat. Bank*, 793 F.2d 1541 (11th Cir. 1986); .

All of the elements of collateral estoppel are present here. Whether Lozman's First Amendment rights were violated when the City initiated the federal admiralty action against him was an issue actually litigated in the federal admiralty action and decided against Lozman, both by the district court and the Eleventh Circuit Court of Appeals. The determination that Lozman's First Amendment rights were not violated by the initiation of that lawsuit was both a "critical and necessary" part of the summary judgment entered by the district court in the admiralty action, and Lozman had a full and fair opportunity to litigate that issue in that earlier action.

Because the issue of whether the defendants acted with impermissible unconstitutional retaliatory motive in lodging the federal admiralty action was previously litigated and decided against Lozman, he is precluded by collateral estoppel principles from re-litigating that issue here. *See e.g. Abele v Tolbert*, 241 Fed. Appx. 612 (11th Cir. 2007)(unpub); *Daubenmire v City of Columbus,* 507 F.3d 383 (6th Cir. 2007)(arrestee's first amendment §1983 claim barred by collateral estoppel where arrestee previously unsuccessfully moved to dismiss state court criminal charges based on First Amendment grounds and then entered pleas of no contest to the charges)*; Zikofsky v Marketing 10, Inc*. 904 So.2d 520 (Fla. 4th DCA 2005)(doctrine of *res judicata* barred plaintiff from bringing fraudulent inducement claim against corporation where he previously raised fraudulent inducement as a defense to corporation's earlier action for breach of settlement agreement and trial court necessarily rejected that defense in entering judgment for corporation); *Amador v Florida Bd. of*

*Regents ex rel. Florida Intern. University,* 830 So.2d 120 (Fla. 3d DCA 2002)(collateral estoppel barred plaintiff's claims for unlawful termination and reprimand under Florida Whistle Blower's Act where §1983 claim alleging impermissible First Amendment retaliation was previously decided adversely to him in federal court).

It is accordingly **ORDERED AND ADJUDGED**:

1. The defendants' renewed motions to dismiss the plaintiff's remaining § 1983 First Amendment retaliation claim based on the defendant's lodging of the federal admiralty action against him [DE# 64, 65 ] are **GRANTED** and this remaining § 1983 First Amendment retaliation claim is now **DISMISSED WITH PREJUDICE** based on collateral estoppel.

2. As this court previously dismissed with prejudice all other claims lodged in this action based on *Rooker Feldman* and *res judicata* [DE# 63], it is further ordered and adjudged that this action is **DISMISSED WITH PREJUDICE** in its entirety.

3. The court reserves jurisdiction to determine the issue of the defendants' entitlement to and amount of taxable costs and attorneys fees.

4. The Clerk of the Court is directed to enter this case as **CLOSED** and terminate all other pending motions as **MOOT.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 12th day of October, 2011.

Daniel T. K. Hurley
United States District Judge

cc. All counsel