UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 08-80134 CIV-HURLEY / MAGISTRATE HOPKINS

FANE LOZMAN,

    Plaintiff,

vs.

CITY OF RIVIERA BEACH, a Florida
municipal corporation, MICHAEL BROWN,
an individual, GLORIA SHUTTLESWORTH,
an individual, NORMA DUNCOMBE, an
individual, VANESSA LEE, an individual,
ELIZABETH WADE, an individual, ANN ILES,
an individual, and GEORGE CARTER, an
individual,

    Defendants.
_____/

## CROSS-NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    ALL PARTIES ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that pursuant to the Fed.R.Civ.P. Rules 26 & 30, at the time, date and place listed below, before Brenda Longarzo & Associates, who is authorized by law to take depositions in the State of Florida, Indiviudal Defendants, MICHAEL BROWN, GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABEH WADE, ANN ILES AND GEORGE CARTER, will upon oral examination take the deposition of:

    **WITNESS;**    **FANE  LOZMAN**
    **Deponent is to bring with him to the deposition all items listed on the attached Duces Tecum**

    DATE:    OCTOBER 10, 2013
    TIME:    9:00 A.M.
    PLACE:    Galleria International
                  301 Clematis Street, #3000
                  West Palm Beach, FL 33401

### **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 20, 2013, pursuant to Local Rules, a copy of the foregoing was electronically filed with the Clerk of the District Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                            BANKER LOPEZ GASSLER, P.A.
                                            Attorneys for Defendants
                                            *Individually named*
                                            1200 S. Pine Island Road, #170
                                            Plantation, FL 33324
                                            Phone: (954) 440-1332
                                            Fax:  (954) 531-3051

                                            _____/s/ Jeffrey Bell_____
                                            JEFFREY M. BELL, ESQ.
                                            Florida Bar No.: 374539

*Lozman v. City of Riviera Beach, et al*
*Case No.: 08-80134 CIV-Hurley/Magistrate Hopkins*
*Cross-Notice of Taking Deposition Duces Tecum*
*Page 3 of 10*

# **SERVICE LIST**

### ***Plaintiff, Fane Lozman ProSe- VIA E-MAIL***
Fane Lozman
2913 Avenue F
Riviera Beach, FL 33404
T: 786/251-5868
E: sp500trd@yahoo.com


### ***Attorney for City of Riviera Beach***
Benjamin L. Bedard, Esq.
ROBERTS, REYNOLDS, BEDARD & TUZZIO, PA
470 Columbia Drive
Suite 101C
West Palm Beach, FL 33409
T: 561/688-6560
F: 561/688-2343
E: bbedard@rrbpa.com

Case 9:08-cv-80134-DMM   Document 166   Entered on FLSD Docket 09/20/2013   Page 4 of 10

*Lozman v. City of Riviera Beach, et al*
*Case No.: 08-80134 CIV-Hurley/Magistrate Hopkins*
*Cross-Notice of Taking Deposition Duces Tecum*
*Page 4 of 10*

## **DUCES TECUM FOR DEPOSITION**

**I.**     **Definitions**

When used in the attached requests, the definitions of words below includes, without limitation, the meaning described below:

**(A)**    The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

**(B)**    "Date" shall mean the exact date, month and year; if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

**(C)**    "Document" shall mean any written or graphic matters or tangible things, in your actual or constructive possession, custody, care or control, which refers directly or indirectly in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including the originals and all non-identical copies (whether different from the original by reason of any notation made on such copy or otherwise) including, but not limited to:

>   agreements; articles; as-builts drawings; audio-recordings; bank statements; books, charts; checks; communications; computer printouts; contracts; correspondence; change orders; delivery tickets; diaries; drawings; electronic mails; facsimiles; forecasts; graphs; invoices; leases; letters; ledgers; meetings; memoranda; messages; microfiche; microfilms; minutes; news media; notes; photographs; plans; purchase orders; receipts; records; renderings; reports; reports or summaries on negotiations;

Case 9:08-cv-80134-DMM   Document 166   Entered on FLSD Docket 09/20/2013   Page 5 of 10

*Lozman v. City of Riviera Beach, et al*
*Case No.: 08-80134 CIV-Hurley/Magistrate Hopkins*
*Cross-Notice of Taking Deposition Duces Tecum*
*Page 5 of 10*

requisitions; shop drawings; specifications; statements; subcontracts; summaries or records of personal conversations; telegraphs; teletype bulletins; transcripts; and video-recordings.

Any comment or notation appearing on any documents, and not part of the original text, is to be considered a separate "document." Any draft or preliminary form of any document is to be considered a separate "document." Specific reference to any other types of documents in the following requests shall not be construed as in any respect limiting the generality of the foregoing definition.

**(D)** "Agent" shall mean: any agent, attorney, director, employee, independent contractor, officer, manager or any other person acting at the direction of or on behalf of another.

**(E)** "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

**(F)** "Pertain to" or "pertaining to" shall mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

**(G)** "Third party" or "third parties" when not used as a proper noun, refers to individuals or entities that are not a party to this litigation.

**II.**   **Special Instructions**

**(A)** The documents requests shall be produced as they are usually maintained, or shall be organized and labeled to correspond to the category specified in this request.

**(B)** Pursuant to 26.1(g)(3), *S.D. Fla. L. R.*:

*Lozman v. City of Riviera Beach, et al*
*Case No.: 08-80134 CIV-Hurley/Magistrate Hopkins*
*Cross-Notice of Taking Deposition Duces Tecum*
*Page 6 of 10*

(1) Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

(2) Where a claim of privilege is asserted in objecting to any interrogatory or production demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

   (i) The attorney asserting the privilege shall in the objection to the interrogatory or document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

   (ii) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

      (a) For documents or electronically stored information, to the extent the information is readily obtainable from the witness being deposed or otherwise:

         (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel Spread sheet);
         (2) general subject matter of the document or electronically stored information;
         (3) the date of the document or electronically stored information; and
         (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other;

      (b) For oral communications:

*Lozman v. City of Riviera Beach, et al*
*Case No.: 08-80134 CIV-Hurley/Magistrate Hopkins*
*Cross-Notice of Taking Deposition Duces Tecum*
*Page 7 of 10*

      (1)    the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

      (2)    the date and the place of communication; and

      (3)    the general subject matter of the communication.

(3) This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

**(C)** If any document herein requested was formerly in your possession, custody or control, but has been lost or destroyed, you are requested to submit in lieu of each document a written statement which:

1. describes in detail the nature of the document and its contents;

2. identifies the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent;

3. specifies the date on which the document was prepared or transmitted or both; and

4. specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of, or reasons for, such destruction including the person(s) requesting and performing the destruction.

### III. **DUCES TECUM:**

1. Any and all documents which support the claims in your Amended Complaint that:

   (a) Riviera Beach, through its City Council, embarked on a campaign of harassment and retaliation against Lozman for the purpose of punishing Lozman for exercising his right to petition the government for redress of grievances and exercising his right of free speech, in order to intimidate Lozman and deter him from exercising such rights in the future.

   (b) The conduct of Michael Brown involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (c) The conduct of Gloria Shuttlesworth involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (d) The conduct of Norma Duncombe involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (e) The conduct of Vanessa Lee involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (f) The conduct of Elizabeth Wade involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (g) The conduct of Ann Iles involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (h) The conduct of George Carter involved reckless and callous indifference to Lozman's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

   (i) The City Council directed Riviera Beach employees to find means of harassing and retaliating against Lozman, and that George Carter took the lead in carrying out that directive.

   (j) Any of the Individual Defendants:

*Lozman v. City of Riviera Beach, et al*
*Case No.: 08-80134 CIV-Hurley/Magistrate Hopkins*
*Cross-Notice of Taking Deposition Duces Tecum*
*Page 9 of 10*

      (1)    attempted to coerce Lozman into dismissing his government-in-the-Sunshine lawsuit;

      (2)    attempted to censor Lozman on issues of re-development and the corrupt government acts of Riviera Beach;

      (3)    agreed to hire a private investigator to investigate and/or follow Lozman;

      (4)    arrested Lozman for disorderly conduct, trespassing, and Resisting arrest without violence on or about November 15, 2006, while speaking during the public comment portion of a City Council meeting;

      (5)    publicly stated that Lozman does not have a First Amendment right to speak while he was speaking during the public comment portion of the City Council meeting on or about January 3, 2007;

      (6)    caused Lozman to be physically removed from a City Council meeting on or about January 3, 2007;

      (7)    caused Lozman to be physically removed from a City Council meeting on or about May of 2007;

      (8)    censored Lozman's comments at public meetings of the Riviera Beach City Council and Community Redevelopment Agency from June 2007 through the present; and

      (9)    filed a federal admiralty action that culminated in the seizure and subsequent destruction of Lozman's floating residence at the Riviera Beach Marina.

    (k)    The acts of the Individual Defendants were maintained under color of the law of the State of Florida and under the color of the Individual Defendants' respective offices as officers and agents of the State of Florida and of Riviera Beach.

    (l)    The Individual Defendants organized, conspired, or participated in the intentional scheme to punish and retaliate against Lozman for Lozman having exercised the right to petition the government for the redress of grievances and the right of free speech.

  (m)  The acts of the Individual Defendants were so obviously wrong in the light of pre-existing law that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing.

  (n)  Lozman has suffered damages including:

    (1)  damage to his reputation;

    (2)  injury to his person;

    (3)  embarrassment, public humiliation, emotional distress, and mental anguish;

    (4)  out-of-pocket expenses; and

    (5)  attorney's fees and costs