09IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FANE LOZMAN,

     Plaintiff,

vs.

                            Case No.: 08-80134-CIV-HURLEY/HOPKINS

CITY OF RIVIERA BEACH, a Florida
municipal corporation, MICHAEL
BROWN, an individual, GLORIA
SHUTTLESWORTH, an individual,
NORMA DUNCOMBE, an individual,
VANESSA LEE, an individual,
ELIZABETH WADE, an individual, ANN
ILES, an individual, GEORGE CARTER,
an individual, DAWN PARDO, an
individual, CEDRICK THOMAS, an
individual, JUDY DAVIS, an individual,
BRUCE GUYTON, an individual, and the
Riviera Beach Community Redevelopment
Agency.

     Defendants.

```
FILED by  RAL  D.C.

  NOV 2 2 2013

  STEVEN M. LARIMORE
  CLERK U.S. DIST. CT.
  S. D. of FLA. – MIAMI
```

## SECOND AMENDED COMPLAINT

     Plaintiff, FANE LOZMAN ("LOZMAN") sues defendants, CITY OF RIVIERA BEACH

("CITY"), MICHAEL BROWN in his individual capacity, GLORIA SHUTTLESWORTH in her

individual capacity, NORMA DUNCOMBE in her individual capacity, VANESSA LEE in her

individual capacity, ELIZABETH WADE in her individual capacity, ANN ILES in her individual

capacity, GEORGE CARTER in his individual capacity, DAWN PARDO in her individual capacity,

CEDRICK THOMAS in his individual capacity, BRUCE GUYTON in his individual capacity, and

the RIVIERA BEACH COMMUNITY REDEVELOPMENT AGENCY ("CRA") and alleges as

follows:

## Nature of the Case

This action for money damages is brought pursuant to 42 U.S.C. sections 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Florida against the City of Riviera Beach and former and current city officials.

1.       This action is brought by LOZMAN, a civic activist, against the CITY, CRA and its public officials who used the power of their office to retaliate against Lozman for his advocacy criticizing the CITY, the CRA, and their respective public officials and policies.  In an effort to silence and discredit LOZMAN, the CITY and the CRA through its city administration and police department waged a campaign against LOZMAN which included false arrest, threats, retaliation and intimidation. These actions were taken to silence LOZMAN and to punish him for exercising his First Amendment rights.

## Jurisdiction and Venue

2.       This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331(a) and 42 U.S.C. § 1983, as well as principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3.       This action is brought before the Court in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) and at the West Palm Beach, Florida, Division of the Southern District pursuant to Local Rules 3.1(F) and 3.4(D) S.D. Fla. Local Rules.

## Parties

4.       LOZMAN was a resident who lived on his floating home at the City of Riviera Beach marina, in Palm Beach County, Florida.

5.       The CITY is a municipal corporation in Palm Beach County, Florida.

2

6.      The governing body of the CITY is its City Council, and all powers of the CITY and the determination of all matters of policy are vested in the City Council.

7.      Defendant MICHAEL BROWN was at material times the Mayor of the City.

8.      Defendants NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN ILES, DAWN PARDO, CEDRICK THOMAS, and BRUCE GUTON are or were council members of RIVIERA BEACH at material times.

9.      Defendant GLORIA SHUTTLESWORTH is or was at material times the Assistant City Manager.  Defendant GEORGE CARTER is or was at material times the Marina Director of RIVIERA BEACH.

10.     Defendant CRA, has as its governing body the same elected City Councilpersons of the CITY.

## General Allegations

11.     In 2006, LOZMAN moved to the CITY.  He was the owner of a floating residential structure, also referred to as a floating home, which was his registered homestead, at 200 East 13th Street, Marina Slip # 452, Riviera Beach, Florida.

12.     LOZMAN leased the boat slip for his floating home from the CITY Municipal Marina.

13.     Shortly after LOZMAN moved into the CITY marine in March of 2006, LOZMAN became aware of the CITY's planned redevelopment project.

14.     The redevelopment plan proposed the taking of thousands of homes (and many businesses) through the power of eminent domain and giving them, along with the CITY marina, to a private developer for a proposed 2.4 billion dollar redevelopment project.

15.     LOZMAN made public comments against both the initial 2006 redevelopment plan

and two subsequent plans in 2008 and 2011, along with the corruption he perceived in the CITY government at various CITY Council and Community Redevelopment Agency (CRA) public meetings between April 2006 to November 2013.

16.    LOZMAN was removed by the police from a regularly scheduled meeting of the CRA while speaking from the podium during the public comments portion of the meeting on May 10, 2006.

17.    LOZMAN was then denied access to a special meeting of the CITY Council following the regularly scheduled CRA meeting preceding it on May 10, 2006.

18.    The morning after the May 10 special meeting, on May 11, 2006, Florida Governor Jeb Bush signed into law H.B. 1567, which signified a comprehensive overhaul of Florida's eminent domain laws.  Section 73.013 et sq. of the Florida Statutes prohibits the use of eminent domain in the manner the CITY and CRA proposed for its redevelopment plan.

19.    On June 7, 2006, LOZMAN filed a lawsuit against the CITY, MICHAEL BROWN, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, and ANN ILES, alleging a violation of the Government-in-the-Sunshine Law.

20.    On June 28, 2006, the CITY held a scheduled closed executive session.  This meeting was recorded and the transcript of this proceeding has now been made a public record.  At this meeting, CITY officials discussed the Sunshine lawsuit brought by LOZMAN and the need to do "whatever we deem necessary" in the defense of that suit, including "background investigation on Lozman," the intimidation of Lozman, and the hiring of a private investigator to determine who was "funding" LOZMAN's Sunshine lawsuit.  In addition, the CITY wanted to investigate LOZMAN to determine whether he was connected with an entity called the Pacific Legal Foundation, the Governor, the Attorney General's office, the legislature and local citizens that the CITY perceived as

being opposed to the proposed re-development by the CITY.  LOZMAN's Sunshine lawsuit had been publicly supported by comments from Governor Bush and Speaker of the House Bense to the media.  Their offices, along with the Attorney General's office, cooperated with LOZMAN's attorneys who prepared the Sunshine lawsuit.

21.     Thereafter, LOZMAN continued attending public meetings in Riviera Beach and continued to express his views during the public portion of such meetings  However, the CITY, through its CITY Council, its various subdivisions and its individual employees, embarked on a campaign of harassment and retaliation against LOZMAN for the purpose of punishing LOZMAN for exercising his right of free speech and right to petition the government for redress of grievances and intimidating LOZMAN in an effort to deter him from exercising such rights in the future.

22.     The conduct of Defendants MICHAEL BROWN, GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN ILES, GEORGE CARTER, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS and BRUCE GUYTON as alleged herein, involved reckless and callous indifference to LOZMAN's First Amendment right to petition the government and exercise his right of freedom of speech without retaliation.

23.     The CITY Council members in 2006 (MICHAEL BROWN, DUNCOMBE, LEE, and ELIZABETH WADE) had directed CITY employees, specifically marina employees and CITY police officers, to find means of harassing and retaliating against LOZMAN.  GEORGE CARTER took the lead in carrying out that directive in 2006.

24.     The harassment and retaliation resulted in LOZMAN's arrest in November 2006.  On November 15, 2006, during the public comments portion of the CITY council meeting, LOZMAN calmly approached the podium and began making his comments.  Unhappy with his comments in the U.S. Attorneys' efforts to crack down on public corruption in Palm Beach County, the CITY, with

the tacit approval of all its elected officials, and at the specific direction of ELIZABETH WADE, instructed law enforcement officers to arrest LOZMAN and remove him from the meeting. LOZMAN was handcuffed while still making his public comments, thus depriving him of his rights guaranteed by the First Amendment and his rights to attend a public meeting as set forth in Florida's Sunshine Law. The entire incident was caught on videotape.

25.     LOZMAN was dragged to the CITY police department, with his hands handcuffed behind his back, where he was locked up in a holding cell.

26.     The CITY claimed that LOZMAN was arrested for disorderly conduct, trespassing, and resisting arrest without violence. These charges were nolle prossed by the Palm Beach County State Attorney on January 17, 2007.

27.     The campaign of harassment and retaliation against LOZMAN did not cease after his 2006 arrest. LOZMAN continued to attend public CITY meetings and was i) removed from numerous meetings by the CITY police; ii) physically grabbed by the CITY police while LOZMAN was making his public comments at the speakers podium and told to sit down; iii) physically thrown by the CITY police to the CITY Council chambers floor at the specific direction of DAWN PARDO, while LOZMAN was making his public comments at the speakers podium; and iv) regularly interrupted and threatened with police force (ANN ISLES, ELIZABETH WADE, DAWN PARDO, CEDRICK THOMAS) in an attempt to censor LOZMAN's public comment.

28.     The acts constituting harassment and retaliation by the Defendants included:

a.     Agreeing to intimidate LOZMAN into dismissing his Government-in-the-Sunshine lawsuit during the June 28, 2006, executive session. This meeting was not attended by GEORGE CARTER and GLORIA SHUTTLESWORTH. DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS, and BRUCE GUYTON were not elected officials in 2006.

b.      Agreeing to hire a private investigator to investigate and/or follow LOZMAN during the June 28, 2006 executive session. This meeting was not attended by GEORGE CARTER and GLORIA SHUTTLESWORTH.  DAWN PARDO, CERDICK THOMAS, JUDY DAVIS, and BRUCE GUYTON were not elected officials in 2006.

c.      Constantly censoring LOZMAN's public comments at CITY Council and CRA meetings on issues ranging from three different re-development plans for the CITY marina, allegations of corruption involving elected officials of the CITY, the misconduct and incompetence of key CITY employees and other issues of public concern.

d.      A few of the latest examples of LOZMAN being censored while making public comments at CITY Council meetings include: i) on November 6, 2013, DAWN PARDO had a City police officer remove LOZMAN from the speaker podium prior to his 3 minute allocated time for public comment had expired; ii) on October 16, 2003, CEDRICK THOMAS stated from the dais that LOZMAN did not have a First Amendment right to make public comments that dealt with official records, as recorded by the Palm Beach County Clerk, of an elected official because they portrayed this elected official in a negative light; and iii) during the November 13, 2013 CRA meeting, Lozman was called a "Rapist, Cross Dressing, Fag, Piece of Shit" by BRUCE GUYTON in a vile, disgusting, and slanderous attempt to intimidate LOZMAN into not making his public comments, and/or provoking LOZMAN into a physical confrontation.  BRUCE GUYTON has a history of violence, mental instability, DUI, and illegal drug use.  BRUCE GUYTON had been involuntarily committed by State Court Judge Diana Lewis, Mental Health Court, in Case No. 501996MH000389XXMAIB.

e.      Arresting LOZMAN for disorderly conduct, trespassing, and resisting arrest without violence on November 15, 2006, while LOZMAN was speaking during the public comment portion

of a CITY council meeting;

  f.  Publicly stating that LOZMAN does not have a First Amendment right to speak while he was speaking during the public comment portion of a City Council meeting on or about January 3, 2007, along with many additional meetings up to and including the November 6, 2013 CITY council meeting.

  g.  Causing LOZMAN to be physically removed by the CITY Police, during CITY Council or CRA public meetings, from the CITY Council Chambers, the CITY Hall building, or the Public Speakers Podium.  These removals occurred on numerous occasions between 2006 to 2013. The police were directed to remove LOZMAN by the CITY Council Chairpersons (or acting Chairperson), to include LIZ WADE, ANN ISLES, CEDRICK THOMAS and DAWN PARDO. There was also an occasion where GLORIA SHUTTLESWORTH directed that a police officer remove LOZMAN from a CITY Council meeting.

  h.  On October 21, 2009, LOZMAN suffered a painful physical injury to his previously repaired hip socket and pelvis (there are a number of screws and plate in it from an injury sustained prior to LOZMAN moving to the CITY), after he was thrown on the CITY Council Chambers floor by two Riviera Beach police officers at the Direction of the CITY Council Chairperson DAWN PARDO.  The CITY Council and CITY attorney Pamala Ryan laughed as Lozman lay on the floor in pain.  LOZMAN required a visit to the Emergency Room where his injury was diagnosed, he was provided pain medication, and he used crutches until his injury healed.

  i.  Constantly censoring LOZMAN's comments at public meetings of the CITY Council and Community Redevelopment Agency from 2006 through the present.

  j.  Filing a sham federal admiralty action that culminated in the seizure and subsequent destruction by the CITY of LOZMAN's floating residence at the CITY Marina.  The U.S. Supreme

Court reversed the lower courts and ruled that Lozman's floating home was illegally seized by the CITY because it was not a vessel subject to Federal Admiralty jurisdiction.

    k.      Illegally conducting a self-help eviction, by turning off LOZMAN's electricity to his floating home between April 1, 2009 to April 20, 2009.

    l.      Ignoring State Court Judge Peter Evan's order of April 17, 2009, to restore the electricity to LOZMAN's floating home.

    m.      Repeatedly harassing LOZMAN by having City marina employee Pierre Smith go to LOZMAN's floating home and take pictures through the window of LOZMAN, and sometimes Lozman and his female companion, in various stages of undress.

    n.      Repeatedly having the CITY police harass and threaten LOZMAN when he would walk his small dachshund on a lease around the CITY marina; and

    o.      Illegally turning off the electricity to friends of LOZMAN's who resided on their personal vessels at the CITY marina. The City did this in a selective manner, because the electricity was not turned off to other tenants' vessels.

## COUNT I – 42 U.S.C. § 1983 AGAINST DEFENDANTS CITY OF RIVIERA BEACH, CRA AND THE INDIVIDUAL DEFENDANTS (SHUTTLESWORTH, DUNCOMBE, LEE, WADE, ILES, CARTER, PARDO, THOMAS, DAVIS AND GUYTON) FOR POLICTY TO RETALIATE AGAINST LOZMAN AND TO SUPRESS SPEECH

29.      This is an action for injunctive relief and for damages under Title 42, U.S.C. § 1983.

30.      The allegations of paragraphs 1 through 28 are incorporated by reference into this Count and are re-alleged as if fully set forth herein.

31.      LOZMAN has a right to petition the government under the First Amendment of the Constitution of the United States of America, a right to exercise free speech at public meetings, and a right to be free from unreasonable seizures under the Fourth Amendment, as applied to the states

through the Fourteenth Amendment.

32.    LOZMAN's rights to petition the government and exercise free speech includes the right to engage in these constitutionally protected acts without fear of retaliation by the government against him.

33.    The CITY, through its Council Members, determined that the CITY should retaliate against LOZMAN for his exercise of his right to petition the government and right to free speech.

34.    The CITY, through its Council Members acting for itself and by direction to its subordinate boards, inspectors, officers and employees, has commenced an intentional campaign to harass and intimidate LOZMAN.

35.    At all times alleged in this Count, the CITY and its individual Council Members, board members, inspectors, officers and employees acted under color of state law and in the effectuation of the policies of the Council Members.

36.    Defendants deprived LOZMAN of rights secured to him under the First and Fourth Amendments of the Constitution of the United States of America, including LOZMAN's right to petition the government for redress of grievances and his right to speak out freely on public issues, and to be free from unreasonable seizures.

37.    Defendants accomplished this deprivation by harassing and retaliating against LOZMAN, with LOZMAN being personally arrested twice.  LOZMAN'S floating home was also arrested and destroyed by the CITY in a sham federal admiralty action.  The conduct comprising the deprivation of LOZMAN's constitutional rights include but are not limited to, the conduct alleged in paragraphs 1 to 36 above.

38.    THE CITY intended by each of these actions to punish and retaliate against LOZMAN for exercising his First Amendment Rights and to deter LOZMAN and others from

exercising such rights in the future.

39.     This policy to punish and silence LOZMAN for his public criticism of the CITY, its elected official's, and key employees was designed and carried out by the CITY as a governmental entity, and by the individual CITY policy makers at the highest level, with the purpose of stopping and punishing LOZMAN from engaging in constitutionally protected political speech.

40.     Each of the actions set forth in paragraph 1 to 28 of this Second Amended complaint was taken pursuant to a custom, policy, or decision made by a governmental official with final policymaking authority.

41.     As a result of the CITY's campaign to harass, retaliate and punish LOZMAN, LOZMAN has been deprived of his right to petition the government and exercise free speech as secured under the First Amendment to the Constitution of the United States of America free from retaliation, and his right to be free from unreasonable seizures.

42.     As a result of the CITY's campaign to harass, retaliate and punish LOZMAN, LOZMAN has been deprived of both substantive and procedural due process guaranteed under the Fourteenth Amendment of the Constitution of the United States of America.

43.     As a result of the CITY's campaign to harass, retaliate and punish LOZMAN, LOZMAN has been deprived of equal protection guaranteed under the Fourteenth Amendment of the Constitution of the United States of America by virtue of the CITY's discriminatory and disparate treatment of LOZMAN in the application of its policies, procedures, regulations, ordinances and other laws.

44.     As result of the actions and conduct of defendants, LOZMAN has no adequate remedy at law and is suffering irreparable injury as a result of the CITY's ongoing campaign to harass him, which injury cannot be redressed in the absence of a permanent and mandatory

injunction requiring the CITY to end its campaign of intentional harassment and retaliation against LOZMAN in response to LOZMAN's exercise of his rights of free speech and to petition the CITY for the redress of grievances.

45.     The acts of Defendants described above were maintained under color of the law of the State of Florida and under the color of the individual Defendants respective offices as officers and agents of the State of Florida and of the CITY.

46.     Each of the individual Defendants organized, conspired, or participated in the intentional scheme to punish and retaliate against LOZMAN for LOZMAN having exercised the right to petition the government for the redress of grievances and the right of free speech.

47.     The acts of the individual Defendants was so obviously wrong in the light of preexisting law, that these public officials knowingly violated the law, because they had knowledge of the law and took an oath to uphold it.

48.     LOZMAN has suffered damage as a result of Defendants' violations of his Civil Rights, including:

a.     Injury to his person that was sustained after being thrown on the floor by two police officers, at the direction of PARDO, while Lozman was making public comments;

b.     Intentional infliction of emotional distress, and mental anguish that resulted and were limited to the specific events of:  i.) being physically thrown around by the CITY police while making public comments at CITY Council and CRA meetings; ii) the false arrest of Lozman while he was making public comments at a CITY Council meeting; iii)  the stress of being harassed by the police and threatened with arrest while LOZMAN walked his dog; iv) receiving repeated death threats in front of his floating home by current CITY employee Sylvia Blue who was escorted to the secure dock where Lozman's floating home was moored by a CITY marina employee; v)

receiving repeated death threats at CITY hall current CITY employee Sylvia Blue; vi) being physically threatened and slandered by GUYTON; and vii) the CITY's retaliatory Federal admiralty arrest and the CITY's subsequent purchase and then the vindictive destruction of Lozman's floating home.  The intentional infliction of emotional distress and mental anguish that resulted from the above specific incidents, although significant during the time these events occurred, has been cured by the passage of time and has resulted in no permanent impairment;

        c.      Damages for the destruction of LOZMAN'S floating home, furniture and related contents as a result of Defendants PARDO, THOMAS and DAVIS wrongful actions.

        d.      Attorneys' fees and costs incurred by LOZMAN as a result of and in response to Defendants' deprivation of LOZMAN's civil rights.

        e.      Attorneys' fees and costs incurred by LOZMAN in response to each individual wrongful act committed by Defendants in furtherance of the CITY's overall scheme to harass, retaliate against, intimidate, and punish LOZMAN.

        f.      Attorney's fees and costs incurred by LOZMAN at the district, appellate, and U.S. Supreme Court in the related admiralty action.

        g.      The intentional, willful and wanton acts of Defendants BROWN, SHUTTLESWORTH, DUNCOMBE, LEE, WADE, ISLES, CARTER, PARDO, THOMAS, DAVIS, and GUYTON establish a claim for punitive damages against Defendants BROWN, SHUTTLESWORTH, DUNCOMBE, LEE, WADE, ISLES, CARTER, PARDO, THOMAS, DAVIS, and GUYTON.

     49.      LOZMAN had previously employed the law firm of Cobb and Cole to pursue this action and has contracted to pay a reasonable attorneys' fee, for which fees and the costs of this action, LOZMAN is liable under the provisions of Title 42 U.S.C. § 1988.

50.     All conditions precedent to the filing of this action has occurred or has been waived.

## COUNT II – CONSPIRACY TO VIOLATE CIVIL RIGHTS
(Against Defendants BROWN, SHUTTLESWORTH, DUNCOMBE, LEE, WADE, ILES, PARDO, THOMAS, DAVIS, and GUYTON)

51.     This cause of action is brought by LOZMAN against Defendants MICHAEL BROWN, GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN ILES, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS, and BRUCE GUYTON in their individual and official capacities, for conspiracy to interfere with LOZMAN's constitutional right of free speech as guaranteed by the First Amendment to the United States Constitution.

52.     Defendants MICHAEL BROWN, GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN ILES, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS, and BRUCE GUYTON entered into an agreement to silence, discredit, and punish LOZMAN in retaliation for speaking critically about the CITY and CITY leaders.  Such actions were taken while said Defendants were acting under the color of law as CITY officials and policy makers of the CITY and CRA.  The conspiracy was effectuated by Defendants agreeing to use their power and authority as CITY and CRA officials (excluding MICHAEL BROWN, who was not a CRA official, but was a CITY official CITY) to gather, disclose and allow the distribution of false information about LOZMAN with the purpose of retaliating against LOZMAN and punishing him, and preventing LOZMAN from further engaging in constitutionally protected speech critical of the CITY, CRA, CITY officials, and CRA officials.

        a.     As a direct and proximate consequence of the conspiracy between Defendants MICHAEL BROWN, GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE,

14

ELIZABETH WADE, ANN ILES, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS, and

BRUCE GUYTON, LOZMAN sustained injury, physical pain and discomfort, emotional distress

and mental suffering that have been cured by the passage of time and have resulted in no permanent

impairment.

53.     The intentional, willful and wanton acts of Defendants MICHAEL BROWN,

GLORIA SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE,

ANN ILES, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS, and BRUCE GUYTON

establish a claim for punitive damages against Defendants MICHAEL BROWN, GLORIA

SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN

ILES, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS, and BRUCE GUYTON.


## COUNT III - FALSE ARREST
(State Tort of False Arrest against Defendant CITY)

54.     This is an action for common-law false arrest.

55.     The allegations of paragraphs 1 through 28 are incorporated by reference into this

Count and are re-alleged as if fully set forth herein.

56.     This is a cause for damages in excess of fifteen thousand dollars, exclusive of costs

and attorney's fees.

57.     On or about November 15, 2006, LOZMAN was arrested at a CITY Council meeting

for speaking during the public comment portion of the meeting.

58.     LOZMAN was removed and arrested at the direction of the CITY Councilperson

WADE, with the approval of Councilmembers DUNCOMBE and LEE.

59.     The CITY, through its police department, intentionally arrested and detained

LOZMAN without an arrest warrant and without probable cause in that the CITY knew or had reason to know at the time of his arrest and detention that LOZMAN had not committed any crime.

60.     LOZMAN was charged with disorderly conduct, trespassing, and resisting arrest without violence.

61.     State prosecutors declined to prosecute LOZMAN.

62.     The CITY's detention of LOZMAN was unreasonable and unwarranted by the circumstances in that LOZMAN was a resident of the CITY who was lawfully speaking at a CITY Council Meeting and who had not committed any crime.

63.     LOZMAN's arrest was publicized in the CITY and throughout Palm Beach County in print and television coverage.

64.     LOZMAN suffered damages as a direct result of the false arrest.  The specific damages limited directly to the false arrest are:

        a.     Physical pain and discomfort, emotional distress and mental suffering that have been cured by the passage of time and have resulted in no permanent impairment.

65.     The intentional, willful and wanton acts of WADE, with the approval of Councilmembers DUNCOMBE and LEE, establish a claim for punitive damages against WADE, DUNCOMBE and LEE.

66.     All conditions precedent to the filing of this action has occurred or has been waived.


**COUNT IV- STATE TORT OF BATTERY AGAINST DEFENDANT CITY OF RIVIERA BEACH**

63.     LOZMAN realleges paragraphs 1 through 28, and incorporates them by reference herein.

64.     This is a cause for damages in excess of fifteen thousand dollars, exclusive of costs and attorney's fees.

65.     Defendant CITY is responsible for the conduct of the police officers in its employ.

66.     On repeated occasions between 2006 to 2013, including November 15, 2006, and October 21, 2009, the CITY police, while acting in the course and scope of their duties as police officers employed by Defendant CITY did, without legal justification, batter, touch and strike LOZMAN without the consent of LOZMAN and against LOZMAN's will.   These incidents happened during CITY Council and CRA meetings.

67.     As a result of such actions, LOZMAN suffered damages that included bodily injury and physical suffering, physical discomfort, which although significant during the time these events occurred, have been cured by the passage of time and has resulted in no permanent impairment.

68.     All conditions precedent to the filing of this action has occurred or has been waived.


**COUNT V – STATE "INTENTIONAL TORT" OF CONVERSION AGAINST THE CITY and DEFENDANTS DAWN PARDO, CEDRICK THOMAS, AND JUDY DAVIS**

69.     The CITY improperly arrested LOZMAN's floating home to include his furniture and other personal property with the approval of PARDO, THOMAS and DAVIS, on a sham federal admiralty complaint.  LOZMAN floating home was towed from the CITY to Miami, after the CITY lost a State jury trial to evict LOZMAN's floating home from the CITY marina.

70.     LOZMAN demanded the return of his floating home to the CITY marina and the CITY refused.

71.     The CITY purchased LOZMAN's floating home at a U.S. Marshal auction.  The CITY, after successfully preventing LOZMAN from stopping the confirmation of

sale, maliciously destroyed LOZMAN's floating home at taxpayer expense.

72.   The CITY permanently deprived LOZMAN of his property in a vindictive action to try and stop LOZMAN from exercising his First Amendment rights, to include continuing to fight the CITY's attempt to turn over the CITY marina over to a private developer.

73.   The U.S. Supreme Court reversed the lower courts and ruled that LOZMAN's floating home was not subject to federal admiralty jurisdiction and should not have been seized.

74.   LOZMAN is entitled to damages to include: i) the replacement value of his floating home, furniture and other accessories; ii)  living expenses from April 2009 to November 2013; and iii) his legal fees at the district, appellate and U.S. Supreme Court.

75.   The intentional, willful and wanton acts of PARDO, THOMAS, and DAVIS, to include malice and the willful disregard of LOZMAN's rights, establishes a claim for punitive damages against PARDO, THOMAS AND DAVIS.

## **DEMAND FOR TRIAL BY JURY**

LOZMAN hereby demands a jury trial as to all issues triable by a jury.


**WHEREFORE**, LOZMAN respectfully requests that this Court enter judgment and award:

A.     Reasonable and appropriate compensatory damages for: physical pain and discomfort, emotional distress and mental suffering that have been cured by the passage of time and have resulted in no permanent impairment.

B.     Punitive damages against Defendants MICHAEL BROWN, GLORIA

SHUTTLESWORTH, NORMA DUNCOMBE, VANESSA LEE, ELIZABETH WADE, ANN ILES, GEORGE CARTER, DAWN PARDO, CEDRICK THOMAS, JUDY DAVIS and BRUCE GUYTON for their malicious, wanton, willful, reckless and knowing violations of LOZMAN's constitutional rights under the First Amendment.

C.      A monetary sum representing the difference between the amount that the Admiralty District Court awards in Lozman's pending motion (Dkt. 212, attached as exhibit 1) in Case No. 09-80594-CIV-DIMITROULEAS/SNOW and the actual replacement cost of LOZMAN'S floating home to include its furniture and access ramp; LOZMAN'S living expenses between April 2009 to October 2013; and LOZMAN's attorneys' fees and costs that were incurred at the district court, appellate court, and the U.S. Supreme Court in *Lozman v. The City of Riviera Beach*, 568 U.S. ___(2013).

D.      Damages for the conversion of LOZMAN's floating home and personal property.

E.      Punitive damages against Defendants PARDO, THOMAS and DAVIS for the conversion of LOZMAN's floating home.

F.      LOZMAN's costs, expenses and attorneys' fees pursuant to 42 U.S.C._1988.

G.      Awarding attorney fees, expenses and costs of this Section 1983 action pursuant to 42 U.S.C § 1988.; and

H.    Such further and other relief as the Court deems necessary and proper.

Dated: November 18, 2013

By: _____

Fane Lozman
*Pro Se*

Fane Lozman

2913 Ave. F

Riviera Beach, FL  33404

sp500trd@yahoo.com

(786) 251-5868

## <u>CERTIFICATE OF SERVICE</u>

I, Fane Lozman, certify that on this 18th day of November 2013, I served the foregoing via email to

Benjamin L. Bedard, Esquire
Bradley Ellis, Esquire
Roberts, Reynolds, Bedard & Tuzzio, P.A.
470 Columbia Drive, Suite 101C
West Palm Beach, Florida  33409
Telephone:  561-688-6560
Facsimile:  561-688-2343
Email:  bbedard@rrbpa.com
Attorneys for City of Riviera Beach


Jeffrey M. Bell, Esquire
Bank Lopez Gassler PA
1200 S. Pine Island Road, #170
Plantation, Florida  33324
Telephone:      954-440-1332
Facsimile:      954-533-3051
Email:  jbell@bankerlopez.com
Attorneys for Defendants Ann Iles,
Elizabeth Wade, George Carter,
Gloria Shuttlesworth, Michael Brown,
Norma Duncombe and Vanessa Lee