**108-129/bje**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No: 08-80134 CIV-HURLEY/MAGISTRATE HOPKINS

FANE LOZMAN,

         Plaintiff,

v.

**CITY OF RIVIERA BEACH,** a Florida
municipal corporation;

         Defendant.

_____/

**DEFENDANT CITY OF RIVIERA BEACH'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DE 325]**

*Comes Now*, Defendant City of Riviera Beach ("Riviera"), a Florida municipal corporation, by and through its undersigned counsel, and pursuant to Rule 12, *Fed. R. Civ. P.*, and the Court's *order granting Plaintiff's oral motion to file the attached second amended complaint* [DE 325], hereby answers and affirmatively defends against Plaintiff Fane Lozman's ("Lozman") *second amended complaint* [DE 325], requests trial by jury, and states:

**I.**     **Answer**

        **A.**     Nature of the Case

     1.     Riviera admits the nature of the allegations in the instant action only for jurisdictional purposes, and otherwise denies the allegations in paragraph 1.

        **B.**     Jurisdiction and Venue

     2.     Riviera admits the allegations in paragraph 2 only for jurisdictional purposes, and otherwise denies the allegations in paragraph 2.

3.     Riviera admits the allegations in paragraph 3 only for venue purposes, and otherwise denies the allegations in paragraph 3.

C.     Parties

4.     Riviera admits Lozman was a resident of Riviera, but denies he was a resident at all times material to this litigation.

5.     Admitted.

6.     Admitted.

7.     Paragraph 7 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 7 to the extent the Court may deem that Riviera was required to answer such allegations.

8.     Paragraph 8 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 8 to the extent the Court may deem that Riviera was required to answer such allegations.

9.     Paragraph 9 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 9 to the extent the Court may deem that Riviera was required to answer such allegations.

10.     Paragraph 10 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 10 to the extent the Court may deem that Riviera was required to answer such allegations.

D.      General Allegations

11.      Riviera admits that Lozman moved to Riviera in 2006 and that Lozman docked a floating residence at Riviera's marina slip #452.   Riviera lacks knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in paragraph 11, and therefore denies those allegations.

12.      Admitted.

13.      Riviera lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies those allegations.

14.      Riviera admits its re-development plan involved exercising eminent domain to purchase and re-develop lands within Riviera, but denies the remaining allegations in paragraph 14.

15.      Riviera admits Lozman made public comments at various Riviera city council meetings and Community Redevelopment Agency meetings between April 2006 to November 2013, but denies the remaining allegations in paragraph 15.

16.      Denied.

17.      Riviera lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies those allegations.

18.      Riviera admits that Governor Jeb Bush signed H.B. 1567 on May 11, 2006 and that H.B. 1567 speaks for itself, but otherwise denies the remaining allegations in paragraph 18.

19.      Admitted.

20.      Riviera admits that a scheduled closed executive session was held on June 28, 2006 during a part of which the City Council discussed its strategy for investigating and

defending the claims asserted in Lozman's lawsuit, and admits that a transcript of that session exists, but denies the remaining allegations in paragraph 20.

21.      Riviera admits that subsequent to June 2006 Lozman attended and spoke at Riviera's public meetings, but denies the remaining allegations in paragraph 21.

22.      Paragraph 22 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 22 to the extent the Court may deem that Riviera was required to answer such allegations.

23.      Denied.

24.      Riviera admits that Lozman was handcuffed and escorted away from the podium at Riviera's November 15, 2006 city council meeting and was charged for his conduct with the escorting officer, and admits portions of the incident were videotaped, but denies the remaining allegations in paragraph 24.

25.      Riviera admits Lozman was escorted in handcuffs to the police department, and temporarily placed in a holding cell while his arrest paperwork was processed, but denies the remaining allegations in paragraph 25.

26.      Riviera admits that on November 15, 2006 Lozman was charged with disorderly conduct and resisting arrest without violence, and admits those charges were *nolle prossed* by an Assistant State Attorney, but denies the remaining allegations in paragraph 26.

27.      Riviera admits that Lozman continued to attend Riviera's public meetings subsequent to November 15, 2006, but denies the remaining allegations in paragraph 27.

28.      Denied.

(a)      Denied.

(b)     Denied.

(c)     Denied.

(d)     Denied.

(e)     Riviera admits that Lozman was arrested on November 15, 2006 for disorderly conduct and resisting arrest without violence, but denies the remaining allegations in paragraph 28(e).

(f)     Denied.

(g)     Denied.

(h)     Denied.

(i)     Denied.

(j)     Riviera admits that a federal admiralty action was brought against Lozman's floating residence which resulted in the seizure and destruction of the floating residence, and admits the U.S. Supreme Court made new law regarding the definition of a "vessel" and in doing so reversed the admiralty jurisdiction determined by the U.S. Southern District of Florida and affirmed by the 11th Circuit, but denies the remaining allegations in paragraph 28(j).

(k)     Denied.

(l)     Denied.

(m)     Denied.

(n)     Denied.

(o)     Denied.

    E.    <u>Count I – 42 USC § 1983 Against Defendant City of Riviera Beach</u>

29.    Riviera admits the nature of the Lozman's alleged cause of action, but denies the remaining allegations in paragraph 29.

30.    Riviera re-alleges and re-avers its answers contained in paragraphs 1 through 28 as if fully set forth herein.

31.    Riviera admits the existence of the rights generally alleged in paragraph 31, but denies Lozman held a right to exhibit improper conduct at public meetings and further denies Riviera has violated any of Lozman's alleged rights.

32.    Riviera admits the existence of the rights generally alleged in paragraph 32, but denies Lozman held a right to exhibit improper conduct at public meetings and further denies Riviera has violated any of Lozman's alleged rights.

33.    Denied.

34.    Denied.

35.    Denied to the extent such allegations purport to refer to any alleged improper actions against Lozman.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.     Denied.

45.     Denied to the extent such allegations purport to refer to any alleged improper actions against Lozman.

46.     Paragraph 46 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 46 to the extent the Court may deem that Riviera was required to answer such allegations.

47.     Paragraph 47 was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of the allegations in Paragraph 47 to the extent the Court may deem that Riviera was required to answer such allegations.

48.     Denied.

(a)     Denied.

(b)     Riviera admits that Lozman's has not suffered any permanent impairment allegedly caused by any act of the Defendants, but denies the remaining allegations in paragraph 48(b).

(c)     Denied.

(d)     Denied.

(e)     Denied.

(f)     Denied.

(g)     Paragraph 48(g) was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera.  Notwithstanding the foregoing, Riviera denies any of

the allegations in Paragraph 48(g) to the extent the Court may deem that Riviera was required to answer such allegations.

49.    Denied.

50.    Denied.

F.    Count II – Conspiracy To Violate Civil Rights (Against Defendants Brown, Shuttlesworth, Duncombe, Lee, Wade, Iles, Pardo, Thomas, Davis, and Guyton)

51-53. Count II was struck from the *second amended complaint* [DE 325] and thus requires no answer. Further, Count II was not directed toward Riviera, and therefore Riviera was not required to respond to the allegations in Count II. Notwithstanding the foregoing, Riviera denies any of the allegations in Count II to the extent the Court may deem such allegations to apply to Riviera.

G.    Count III – False Arrest (State Tort of False Arrest against Defendant City)

54.    Riviera admits the nature of the Lozman's alleged cause of action, but denies the remaining allegations in paragraph 54.

55.    Riviera re-alleges and re-avers its answers contained in paragraphs 1 through 28 as if fully set forth herein.

56.    Denied.

57.    Riviera admits that Lozman was handcuffed and escorted away from the podium at Riviera's November 15, 2006 city council meeting and charged for his conduct with the escorting officer, but denies the remaining allegations in paragraph 57.

58.    Denied.

59.    Denied.

60.     Riviera admits that on November 15, 2006 Lozman was charged with disorderly conduct and resisting arrest without violence, but denies the remaining allegations in paragraph 60.

61.     Riviera admits that the Assistant State Attorney *nolle prossed* the November 15, 2006 charges against Lozman, but denies the remaining allegations in paragraph 61.

62.     Denied.

63.     Riviera admits that local news channel WPBF 25 reported the Assistant State Attorney *nolle prossing* the November 15, 2006 charges against Lozman, but Riviera otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63, and therefore denies those allegations.

64.     Denied.

        (a)     Riviera admits that Lozman's November 15, 2006 arrest did not cause any permanent impairment, but denies the remaining allegations in paragraph 64(a).

65.     Denied.

66.     Denied.

G.     Count IV – State Tort of Battery Against Defendant City of Riviera Beach

67(63). Riviera re-alleges and re-avers its answers contained in paragraphs 1 through 28 as if fully set forth herein.

68(64). Denied.

69(65). Riviera admits that it is responsible for the acts of its law enforcement officers when acting in good faith and within the course and scope of their employment, but denies the allegations in paragraph 69(65) to the extent such allegations purport to refer to any alleged improper actions against Lozman.

*ROBERTS, REYNOLDS, BEDARD, & TUZZIO, PLLC*                                      Page **9** of 22

70(66). Riviera admits that its law enforcement officers touched Lozman on November 15, 2006 and October 21, 2009, but denies the remaining allegations of paragraph 70(66).

71(67). Riviera admits that Lozman's has not suffered any permanent impairment allegedly caused by any act of the Defendants, but denies the remaining allegations in paragraph 71(67).

72(68). Denied.

H.    Count V – State "Intentional Tort" of Conversion Against The City

73(69). Riviera admits that Lozman's floating home and its contents were seized and towed to Miami by U.S. Marshals upon a finding of probable cause by U.S. District Judge Dimitrouleas, but denies the remaining allegations in paragraph 73(69).

74(70). Admitted.

75(71). Riviera admits that it purchased Lozman's floating home at the U.S. Marshal auction and that the floating home was subsequently disposed of, but denies the remaining allegations in paragraph 75(71).

76(72). Denied.

77(73). Riviera admits that the U.S. Supreme Court made new law regarding the definition of a "vessel" and in doing so reversed the admiralty jurisdiction determined by the U.S. Southern District of Florida and affirmed by the 11th Circuit, but denies the remaining allegations in paragraph 77(73).

78(74). Denied.

79(75). Paragraph 79(75) was struck from the *second amended complaint* [DE 325] and thus requires no answer by Riviera. Notwithstanding the foregoing, Riviera denies any of the

allegations in Paragraph 79(75) to the extent the Court may deem that Riviera was required to answer such allegations.

## II.   <u>Affirmative Defenses</u>

80.     Each and every allegation not herein specifically admitted is denied and strict proof is demanded thereof.

81.     Pursuant to Chapter 163, *Fla. Stat.*, the Community Redevelopment Agency ("CRA") serving Riviera constitutes a legal entity, separate, distinct, and independent from the governing body of Riviera.  As such, Lozman may not recover from Riviera any damages stemming from Lozman's alleged causes of action which are premised on facts attributed to the CRA.  Rather, such causes of action attributed to the CRA fail to state a claim upon which relief can be granted against Riviera.

82.     Although the Supreme Court in *Lozman v. City of Riviera Beach*, 133 S.Ct. 735 (2013) reversed on admiralty jurisdiction and rendered the <u>admiralty aspects</u> of *City of Riviera Beach v. Unnamed Gray*, 649 F.3d 1259, (11th Cir. 2011) – S.D. Fla. Docket No. 9:09-cv-80594-WPD – non-binding on these proceedings, the evidence presented in that case and the Court's resulting findings of fact and conclusions of law pertaining to <u>the retaliation issues</u> remaining binding – or alternatively persuasive authority - for these proceedings.  Specifically, in that trial Lozman fully litigated his history with Riviera which is the subject of this case, in the context of an asserted affirmative defense premised on retaliation.  Ultimately, the Courts within that case determined that Riviera had not acted with retaliatory motives against Lozman.  Those rulings were premised on separate subject matter jurisdiction invoked by Lozman's defenses and remain binding on these proceedings.  Alternatively, to the extent this Court determines those proceedings are non-binding, this Court – during its own review of the same facts and law –

should consider the admiralty proceedings as persuasive authority for holding that Riviera did not retaliate against Lozman in violation of his rights.

83.     As Lozman fully, unsuccessfully litigated his asserted affirmative defense premised on retaliation within the admiralty proceedings, Lozman is on notice that re-litigating those same facts and legal arguments in this case is frivolous litigation.  As such, in prevailing in this action, Riviera will be entitled to recovery of its attorneys' fees and non-taxable costs pursuant to 42 U.S.C.S. §1988(b) and 42 U.S.C. § 2000e-5(k).

84.     To the extent that Count I alleges violations beyond First Amendment retaliation, those allegations should be dismissed as repetitive as all causes of action in Count I are premised upon alleged retaliation for Lozman's expressive activity.  *See Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997).

85.     Lozman fails to state a retaliation claim upon which relief can be granted, as Lozman fails to establish that: (a) his speech or actions were constitutionally protected; (b) Riviera's alleged retaliatory conduct adversely affected the protected conduct; and (c) there is a causal connection between the alleged retaliatory actions and the adverse effect on his speech. *See Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005).

86.     Lozman fails to state a claim upon relief can be granted for any alleged conduct pertaining to restricting Lozman's speech during Riviera city council meetings, as such meetings are limited public forums and are not open for endless public commentary speech but instead are simply a limited platform to discuss the topic at hand.  *See Thomas v. Howze*, 348 Fed.Appx. 474 (11th Cir. 2009); *Cleveland v. City of Cocoa Beach, 221 Fed. Appx. 875* (11th Cir. 2007); *and Rowe v. City of Cocoa*, 358 F.3d 800 (11th Cir. 2004).

87.     Lozman fails to state a retaliation claim upon which relief can be granted, to the extent his claims are premised upon Riviera enacting prospective, generally applicable ordinances/regulations/rules/policies/etc…

88.     Lozman fails to state a claim for municipal liability against Riviera upon which relief can be granted, as he fails to establish an official "policy" or "custom" that was the "moving force" behind the alleged conduct attributed to Riviera.  *See City of St. Louis v. Praprotnik,* 485 U.S. 112 (1988); *Monell v. Dept. of Social Serv. of the City of New York*, 436 U.S. 658 (1978).

89.     Lozman fails to state a claim for municipal liability against Riviera upon which relief can be granted, as the facts belie the existence of a "policy" or "custom" of retaliation against Lozman.  Specifically, during the times material to this action, Lozman interacted with Riviera, its agents, and employees, on numerous occasions without incident.  Conversely, any alleged negative interactions between Lozman and Riviera were the result of Lozman's improper conduct justifying legitimate action.

90.     Lozman fails to state a claim for municipal liability against Riviera upon which relief can be granted, as he fails to establish the alleged unconstitutional motive and/or alleged conduct was attributable to Riviera's "final policymaking authority."  Specifically, Riviera's governing body is a city council consisting of five (5) residents.  Lozman fails to establish municipal liability against Riviera, as none of the individual members of the city council constitute Riviera's "final policymaking authority," and none of the alleged conduct allegedly motivated by animus can be attributed to a majority of Riviera's city council.  *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997); *Campbell v. Rainbow City,*

*Alabama*, 434 F.3d 1306 (11th Cir. 2006); *and Matthews v. Columbia County*, 294 F.3d 1294, 1297-98 (11th Cir. 2002).

91.     Lozman fails to state an equal protection claim upon which relief can be granted, as he fails to establish with specificity that any of the alleged conduct resulted in Lozman being treated differently from other similarly situated individuals which were prima facie identical to Lozman in all relevant respects. *See Campbell v. Rainbow City, Alabama*, 434 F.3d 1306 (11th Cir. 2006); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).  Rather, evidence of Lozman's equal treatment includes, but it not limited to, others violating decorum being removed from meetings, and sixteen (16) other vessels/floating homes being required to vacate Riviera's marina at the same time Lozman was required to remove his floating home.

92.     Lozman fails to state a Fourteenth Amendment procedural due process claim upon which relief can be granted, as he fails to establish that the Florida State court refused to provide an adequate remedy for his alleged procedural deprivations. *See East v. Clayton County, 436 Fed. Appx. 904* (11th Cir. 2011); *Horton v. Board of County Commissioners of Flagler County,* 202 F.3d 1297 (11th Cir. 2000); *and McKinney v. Pate, 20* F.3d 1550 (11th Cir. 1994). To the contrary, Lozman previously litigated the majority of this action in the Florida State Court - *See City of Riviera Beach v. Fane Lozman*, 15th Judicial County Case No.: 502006CC011382XXXXMB (transferred to Circuit Case No.: 502006CA014054XXXXMB) – prior to <u>voluntarily</u> dismissing the State action in August 2010.

93.     Lozman fails to state a Fourteenth Amendment (substantive due process / procedural due process / equal protection) claim upon which relief can be granted, as: (a) any alleged restrictions of Lozman's fundamental rights were the result of restrictions narrowly tailored to further a compelling government interest (i.e. pass strict scrutiny review); and (b) any

alleged restrictions of Lozman's non-fundamental rights were reasonably related to a legitimate government interest (i.e. pass rational basis review).

94.     Lozman fails to state a Fourteenth Amendment procedural and/or substantive due process claim upon which relief can be granted regarding the seizure of his floating home, as Riviera's actions were in compliance with the then existing admiralty law, which actions were approved and conducted by the U.S. District Court sitting in admiralty and affirmed by the 11th Circuit Court of Appeals, and which was later reversed only because the U.S. Supreme Court modified the definition of "vessel" for purposes of admiralty jurisdiction.

95.     Lozman fails to state false arrest and/or Fourth Amendment unreasonable seizure (either of his person or his property) claims upon which relief can be granted, as probable cause existed for any and all seizures and/or arrests.  *See Gomez v. Lozano,* 839 F. Supp.2d 1309 (S.D. Fla. 2012).   Regarding the seizure of Lozman's floating home and its contents, U.S. District Judge Dimitrouleas specifically found there was probable cause to arrest Lozman's floating home prior to ordering the arrest.

96.     Lozman fails to state a claim upon which relief can be granted for the state tort of conversion regarding his floating home and its contents, as at all material times Lozman did not possess an immediate right to access and/or possess the property due to his debts owed for his use of Riviera's public marina.

97.     Lozman fails to state a claim upon which relief can be granted for the state tort of battery, as any touching of Lozman's person was necessary and incident to lawful law enforcement action which was reasonable and justified by the circumstances (including but not limited to the existence of probable cause for any alleged seizures).

98.     Lozman lacks standing to assert any alleged claims of others, which are referenced in his paragraph 28(o), and the Court must strike such allegations from the complaint.

99.     Lozman is currently litigating the issue of his alleged damages associated with the seizure of his floating home and its contents within the related (former admiralty) action of *City of Riviera Beach v. Unnamed Gray*, S.D. Fla. Docket No. 9:09-cv-80594-WPD.   Once Judge Dimitrouleas renders a final order on such damages, the federal doctrine of *collateral estoppel* will attach to that order and prohibit Lozman from continuing to litigate such damages in this action.

100.     Even if damages are awardable to Lozman in this action for his floating home and its contents, Lozman is not entitled to an award of the "replacement cost" and/or the difference between the amount awarded by Judge Dimitrouleas – if any – and the replacement cost.   Rather, the proper measure of any such damages is the fair market value of the property at the time of the seizure.

101.     Even if damages are awardable to Lozman in this action for his floating home and its contents, Lozman is not entitled to an award of loss of use damages.   *See MCI WorldCom Network Servs. v. Mastec, Inc.*, 995 So.2d 221 (Fla. 2008) ("Moreover, loss-of-use damages can be an element of compensatory damages when the damage is to personal property and the damage amounts to less than total destruction of the property."); *and Foresight Enters. v. Leisure Time Properties*, 466 So.2d 283 (Fla. 5th DCA 1985) (Cowart, J., dissenting: "When…property is converted…and not recovered by the owner, just as when it is totally destroyed by negligence, the owner is entitled to money damages in an amount equal to the fair market value of the property at the time of its conversion or negligent destruction. See, e.g., § 78.19(1), *Fla. Stat*.

The owner is not entitled to additional money damages for loss of profits or loss of use or damages for depreciation to the property itself.").

102.    Riviera was solely motivated by legitimate reasons for its actions.  However, in the alternative, should the trier of fact ultimately find that retaliation against Lozman was a motivating factor in any conduct, Riviera would have made the same decision(s) with respect to Lozman without regard to any consideration of improper motive (i.e. "same decision" or "mixed motive" defense).

103.    Riviera was solely motivated by legitimate reasons for its actions.  However, in the alternative, should the trier of fact ultimately find that retaliation against Lozman was a motivating factor in any conduct directed by Riviera's city council at any specific point in time, any casual connection between such animus and the alleged subsequent conduct, was broken by the subsequent election of other individuals to Riviera's city council whom independently (without animus) directed the alleged subsequent conduct.

104.    Lozman's awarded damages relating to his reputation (and any derivation thereof; i.e. emotional distress, mental anguish, etc…) – if any – are barred, in whole or in part, to the extent Lozman caused and/or exacerbated such damages by self-publishing information regarding Riviera's alleged negative actions against Lozman.    Throughout the course of Lozman's history with Riviera, Lozman has continuously self-published such information to third-parties via various internet websites, social media, print media, and even in television interviews.    As such, Lozman has caused and/or exacerbated the alleged damages to his reputation for which he now seeks to recover against Riviera.

105.    Lozman has caused, exacerbated, and/or failed to mitigate his damages, and any awarded damages must be appropriately reduced.  Such conduct includes, without limitation,

Lozman: intentionally escalated his interactions with Rivera; self-published the alleged negative interactions; and failed to meaningfully bid on his floating home at the public auction to foreclose on Riviera's lien.  Specifically regarding Lozman's failure to meaningfully bid on his floating home (and its contents), Riviera asserts that Lozman's damages related to that property – if any - must be reduced to the actual purchase price of the property achieved at the auction.

106.    Should he prevail, Lozman is not entitled for reimbursement of any fees and costs which (a) he did not incur or (b) which were not incurred in prosecuting this action. Additionally, Lozman is not entitled to reimbursement of any "attorneys' fees" for any periods during which Lozman acted as a *pro se* litigant.

107.    Lozman's claims are barred, in whole or in part, by Florida's doctrine of *res judicata*.  Lozman previously litigated the majority of this action in the Florida State Court - *See City of Riviera Beach v. Fane Lozman*, 15th Judicial County Case No.: 502006CC011382XXXXMB (transferred to Circuit Case No.: 502006CA014054XXXXMB) – which he voluntarily dismissed with prejudice in August 2010.  Pursuant to Florida law, Lozman's voluntary dismissal with prejudice was an adjudication on the merits which prevents Lozman from re-litigating all of the issues and/or causes of action which were raised, or which could have been raised, in that action; including without limitation, all claims Lozman raised in his counterclaim, amended counterclaim, second amended counterclaim, third amended counterclaim, and fourth amended counterclaim.

108.    Lozman's claims are barred, in whole or in part, by Florida's doctrine of *collateral estoppel*.  Lozman previously litigated the majority of this action in the Florida State Court - *See City of Riviera Beach v. Fane Lozman*, 15th Judicial County Case No.: 502006CC011382XXXXMB (transferred to Circuit Case No.: 502006CA014054XXXXMB) –

which he voluntarily dismissed with prejudice in August 2010. Pursuant to Florida law, Lozman's voluntary dismissal with prejudice was an adjudication on the merits which prevents Lozman from re-litigating all of the issues and/or causes of action which were raised, or which could have been raised, in that action; including without limitation, all claims Lozman raised in his counterclaim, amended counterclaim, second amended counterclaim, third amended counterclaim, and fourth amended counterclaim.

109.    Pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, Lozman's *second amended complaint* fails to state claims for which relief can be granted for any conduct allegedly occurring at City Council and/or CRA meetings but for which Lozman fails to specific: (a) the date; (b) whether it was a City Council or a CRA meeting; (c) the alleged adverse conduct; and (d) the individual elected officials and/or employees which allegedly participated in the conduct on behalf of the City Council or the CRA.

110.    Pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, Lozman's *second amended complaint* fails to state claims for which relief can be granted for any conduct allegedly occurring outside of City Council and/or CRA meetings but for which Lozman fails to specific: (a) the date; (b) the alleged adverse conduct; and (c) the individual elected officials and/or employees which allegedly participated in the conduct on behalf of the City Council or the CRA. Claims against the government arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what the government did to violate the asserted constitutional right. Rule 8, *Fed. R. Civ. P.*, demands more than an unadorned, the-defendant-harmed-me accusation.

111.    Lozman's Count III (State tort of false arrest), Count IV (State tort of battery), and Count V (State intentional tort of conversion) fail to state causes of action for which relief

*ROBERTS, REYNOLDS, BEDARD, & TUZZIO, PLLC*                              Page **19** of 22

can be granted due to Riviera's sovereign immunity against such claims and Lozman's failure to comply with the mandatory pre-suit notice requirements of §768.28(6), *Fla. Stat.* Lozman was required, yet failed, to comply with the statutory notice requirements prior to instituting any causes of action founded on State torts against Riviera. Riviera remains sovereignly immune against any such causes of action for which Lozman failed to timely comply with §768.28(6), *Fla. Stat.* Additionally, the *second amended complaint* is deficient as to these claims as it fails to allege compliance with §768.28(6), *Fla. Stat.* As such, the Court must dismiss with prejudice the entirety of Lozman's causes of action founded on State torts against Riviera. *See Wagatha v. City of Satellite Beach,* 865 So.2d 620 (Fla. 5th DCA 2004); *Woodbury v. State of Fla. DCF*, 854 F.Supp.2d 1184 (S. D. Fla. 2011); *and Fletcher v. City of Miami,* 567 F.Supp.2d 1389 (S. D. Fla. 2008).

112.    Lozman's claims are barred by the applicable statute of limitations.

113.    Riviera hereby gives notice that it intends to amend its affirmative defenses, or rely upon other such affirmative defenses, as may become available or apparent during the course of discovery and, thus, reserves the right to amend this answer and assert any such defense.

## III.    Demand For Jury Trial

Defendant City of Riviera Beach demands trial by jury on all issues so triable.

*Wherefore*, Defendant City of Riviera Beach, respectfully requests this Court to enter an order dismissing Plaintiff Fane Lozman's *second amended complaint* [DE 325] with prejudice, and awarding Riviera its attorneys' fees (pursuant to 42 USC §1988(b)) and costs, and such other relief as this Court deems proper, and further requests trial by jury.

Respectfully submitted,

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**

*Counsel for the City of Riviera Beach*

470 Columbia Drive, Building C-101
West Palm Beach, FL  33409
PHONE:        561 688-6560
FAX:             561 688-2343
EMAIL:        bbedard@rrbpa.com
EMAIL:        bellis@rrbpa.com

By:       /s/ Benjamin L. Bedard, Esq.
             BENJAMIN L. BEDARD, ESQUIRE
             Florida Bar No.: 983772
             BRADLEY J. ELLIS, ESQUIRE
             Florida Bar No.: 0050659

### CERTIFICATE OF SERVICE

*I Hereby Certify* this 27th day of January, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Counsel list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Benjamin L. Bedard, Esq.
BENJAMIN L. BEDARD, ESQUIRE
Florida Bar No.: 983772
BRADLEY J. ELLIS, ESQUIRE
Florida Bar No.: 0050659

STYLE:            **Lozman v. City of Riviera Beach, et al.**
CASE NO.:         **08-80134-CIV-HURLEY/HOPKINS**
OUR FILE NO.:     **108-129**

## COUNSEL LIST

FANE LOZMAN
*Pro Se*
2913 Avenue F
Riviera Beach, Florida 33404
PHONE:        786/251-5868
EMAIL:        sp500trd@yahoo.com
*Served via transmission of Notices of Electronic filing generated by CM/ECF*


*************************************

BENJAMIN L. BEDARD, ESQUIRE
BRADLEY J. ELLIS, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Building C-101
West Palm Beach, Florida  33409
*Counsel for Defendant City of Riviera Beach*
PHONE:        561/688-6560
FAX:          561/688-2343
EMAIL:        bbedard@rrbpa.com
EMAIL:        bellis@rrbpa.com
Scty: Lisa    lkearns@rrbpa.com

*Roberts, Reynolds, Bedard, & Tuzzio, PLLC*                    Page **22** of **22**