UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08--80134-CIV-HURLEY

FANE LOZMAN,
         Plaintiff,

vs.

CITY OF RIVIERA BEACH,
         Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THAT PORTION OF
SUMMARY JUDGMENT ORDER DISPOSING OF EQUAL PROTECTION CLAIM

**THIS CAUSE** is before the court on plaintiff's motion for reconsideration of that portion

of the court's prior summary judgment order which disposed of the plaintiff's 1983 claim based on

alleged equal protection violations [ECF 575], the City's response in opposition [ECF 600] and

plaintiff's's reply [ECF 607].

In its original summary judgment order, the court found that Lozman's equal protection

"selective enforcement claim fails because the summary judgment record does not contain sufficient

evidence from which a reasonable person could infer that the .... the plaintiff and other marina

residents and lessees were similarly situated" [ECF 519, pp. 24-25].  At the time of the disposition

on that claim, plaintiff's summary judgment papers referred to his own declaration for the

proposition that other marina lessees were in arrears on their dockage fees, but that he was the only

one singled out for enforcement of a maritime lien under the City's assertion of federal maritime

jurisdiction over the plaintiff's floating home and subsequent arrest, seizure and destruction of the

structure.  Plaintiff's declaration cited the transcript of trial testimony provided by Attorney Ryan

in the federal admiralty proceedings to support this assertion, but the only page which appears as an

attachment to this declaration from that transcript is page 194 – and this limited segment of the testimony did not contain any substantive testimony on the issue of other marina lessee's arrearages.

In his motion for reconsideration, Lozman indicates that lapses in the Clerk's scanning equipment resulted in frequent inadvertent gaps in documents which he manually submitted for filing with the court in the past, and that the omission of four additional pages of Ryan's trial testimony in the admiralty proceeding is likely the product of such a scanning error.

Having reviewed the omitted portions of Attorney Ryan's testimony, which include Attorney Ryan's acknowledgment under oath that at least half of the vessels at the marina were in arrears at the time the City initiated an enforcement action against Lozman, the court does find some competent evidence from which a reasonable trier of fact might conclude that similarly situated persons (other marina lessees in arrearage on their dockage fees) were treated differently from Lozman , i.e. were not singled out for dockage fee arrearage collection activity through maritime lien enforcement, thus establishing the central element of plaintiff's selective enforcement claim.

Opposing the motion for reconsideration, the City points out that the complete transcript of trial testimony of Attorney Ryan was included in the original summary judgment record, noting that the City itself cited portions of Ryan's testimony in its papers and filed the entire transcript as a supporting exhibit.

Recognizing that the evidence was part of the original record on summary judgment, the court does not view the Ryan testimony as "new" evidence which was inadvertently excluded from the original filings; with this, the court acknowledges that it overlooked that portion of Ms. Ryan's testimony acknowledging the City's awareness of other marina tenants in arrears at the time it took enforcement action against Lozman in rendering its original order on summary judgment (where

neither party directly cited this portion of her testimony in their papers).  Further, based on this evidence, the court does find sufficient evidence of similarly situated persons treated differently from plaintiff to at least raise a genuine issue of material fact on whether the plaintiff was intentionally treated differently from others similarly situated with no rational basis for the differential treatment. *Campbell v. Rainbow City, Ala*.,  434 F.3d 1306 (11ᵗʰ Cir.), *cert. den*. 549 U.S. 1020 (2006).

**Discussion**

The Equal Protection Clause requires that the government treat all similarly situated people alike.  In the realm of criminal law or regulatory enforcement, however, an individual generally has no right  to have the law go unenforced against him simply because others equally or more culpable than he have gone unpunished.  However, sometimes the enforcement of an otherwise valid law can be a means of violating constitutional rights by invidious discrimination, and to address this problem courts have developed the doctrine of "selective enforcement."  *Crown Service Plaza Partners v. City of Rochester Hills,*  215 F.3d 1325 (6th Cir. 2000)(Mich. 2000) (Table).

Usually a claim of selective enforcement arises as a defense in a criminal prosecution or regulatory enforcement action.  In that context, the defendant establishes an equal protection violation if he can prove that the prosecutor intentionally "singled him out" for punishment because of his membership in a protected group, or his exercise of a constitutionally protected right.  Thus, a claimant alleging selective enforcement based on discriminatory animus must show that his prosecution had a discriminatory effect and was motivated by a discriminatory purpose.  *Wayte v Untied States*, 470 US 598 (1985).

Selective enforcement, as a defense in criminal prosecution or regulatory enforcement action, can also lead to § 1983 liability if the plaintiff pleads "purposeful discrimination" intended to

accomplish some constitutionally forbidden aim, *Harlen Assocs. v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001), for example, a selection based on impermissible standards such as race, religion, or other arbitrary classification, or the discouragement or punishment of the exercise of a constitutional rights. *See generally Oyler v. Boles*, 368 U.S. 448, 456, 82 S. Ct. 501, 506, 7 L.Ed.2d 446 (1962)("the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation if the "section was [not] deliberately based upon an unjustifiable standard.").

In addition, a selective enforcement claim may arise from differential treatment based on a nonsuspect characteristic, where the identifiable group that was discriminated against consisted solely of the plaintiff, or a "class of one." To recover under a "class of one" selective enforcement theory, a plaintiff must demonstrate intentionally disparate treatment from those who are similarly situated, and that there is no rational basis for the difference. *Campbell v. Rainbow City, Ala*. 434 F.3d 1306 (11th Cir. 2006). In other words, where a state action does not necessarily implicate a fundamental right or a suspect classification, the plaintiff may still proceed on a "class of one" selective enforcement equal protection claim if he demonstrates he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 52, 564 (2000) (per curiam)*; Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007).

Finally, because the Equal Protection Clause is interpreted to provide protection from constitutionally unequal treatment independent of the Fourth Amendment's protection against unreasonable searches and seizures, the existence of probable cause to search and arrest does not necessarily dispose of a Fourteenth Amendment selective enforcement equal protection claim. That

is, a selective enforcement claim may be available even where there is probable cause for prosecution. Wayte v United States, 470 U.S. 598, 607 (1985); Oyler v Boles, 368 U.S. 448, 455-56 (1962). See also Christopher v Nestlerode, 240 Fed. Appx 481 (3d Cir. 2007); Marshall v Columbia, 345 F.3d 1157 (10th Cir. 2003).

So, while subjective intentions play no role in ordinary probable-cause Fourth Amendment analysis, *United States v. Sierra,* 501 Fed. Appx. 900 (11th Cir. 2012), the determination of probable cause does not preclude a plaintiff from pursuing a claim that the state chose to prosecute him due to invidious discrimination *See Wayte v. United States*, 470 U.S. 598 (1985); *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L.Ed. 2d 89 (1996) ("[T]he Constitution prohibits selective enforcement of the law based on consideration such as race. But the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment."); *United States v Scopo*, 19 F.3d 777, 786 (2d Cir. )("Though the Fourth Amendment permits a pretext arrest, if otherwise supported by probable cause, the Equal Protection Clause still imposes restraint on impermissibly class-based discriminations.")(Newman, C.J., concurring), *cert. den*., 513 U.S. 877 (1994).

In this case, Lozman .complains that he was treated differently from others similarly situated (other marina lessees in arrears on dockage fees) and that the City's motivation for that disparate treatment was a malicious intent to injure plaintiff and to punish him for the exercise of his First Amendment rights. Thus, he does not appear to advance a "class of one" claim of arbitrary and irrational enforcement, but rather contends he was singled out for unique regulatory and enforcement treatment based on a constitutionally impermissible animus.

To succeed in an action alleging selective prosecution based on discriminatory animus,

plaintiff must show:  (1) he was treated differently from other similarly situated individuals, i.e. others outside of his group in similar situations were not prosecuted, and (2)  he was singled out for different treatment because of his association with an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights.  *United States v Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989); *Gardenshire v Schubert*, 205 F.3d 303, 319 (6th Cir. 2000).

To survive summary judgment on the first element of the selective enforcement claim, a plaintiff must identify through specific facts similarly situated persons who were treated differently. Persons are "similarly situated under the Equal Protection Clause where they are alike "in all relevant aspects."  *Nordlinger v Hahn*, 505 U.S. 1, 10 (1992).  Thus, the analysis of Lozman's Equal Protection claim requires a finding that there were other marina lessees which were similarly situated to the plaintiff.

In  his original summary judgment papers, plaintiff cited the names of eight other marina lessees who he claimed were also in arrears (far in excess of the arrears charged to him); however, it did not appear that he substantiated this hearsay assertion with competent evidence regarding the financial status of other lessees.  The plaintiff now directs the court to portions of prior trial testimony given by City Attorney Pamela Ryan, and specifically, testimony in which the City's attorney acknowledged that at least half of the lessees at the marina were in arrears when the City decided to pursue Lozman.  Attorney Ryan amplified this statement with the suggestion that the City's order of enforcement priority was based on the relative safety of structures docked at the marina, as derived from findings of a an independent marine surveyor hired by the City for this explicit purpose, and suggested that enforcement action against other owners was unnecessary because they either brought their vessels into compliance after receiving notice, or left the marina.

6

The plausibility of this enforcement strategy, as articulated by Attorney Ryan, is not, however, substantiated by any competent evidence in the summary judgment record pertaining to the relative safety of the other marina vessels/floating homes (e.g. via the referenced marine survey or testimony from its author), nor is there any evidence pertaining to the timing of the the City's enforcement action against Lozman – i.e. did they pursue Lozman *after* everyone else came into compliance or left? Or did they pursue Lozman first, and other non-complying owners then decided to remediate or leave?

Even assuming, *arguendo*, the existence of variations in the safety or aesthetics of other marina vessels/structures at the time the City made a decision to pursue Lozman for collection activity, whether safety/aesthetic factors underlay the actual motivation behind the City's enforcement scheme or whether this explanation is offered as a pretext to justify discriminatory treatment of Lozman raises a genuine issue of material fact for determination by the finder of fact at trial. At this juncture, the claim survives summary judgment because there is sufficient circumstantial evidence to support an inference that the City singled out Lozman for reasons unrelated to the safety or aesthetics of his floating home (e.g. the timing of initiation of the federal maritime lien action, which came on the heels of the City's unsuccessful state court eviction action on the basis of Lozman's First Amendment retaliation defense).

Whether Lozman is able to satisfy the high degree of specificity required to establish a selective enforcement equal protection claim at trial remains to be seen. For summary judgment purposes, the court finds adequate evidence in the record from which a jury might find the presence of "similarly situated" marina lessees who were treated differently from Lozman, thus creating a genuine issue of material fact on this first element of his selective enforcement Equal Protection

claim.

It is accordingly **ORDERED AND ADJUDGED**:

1.  The plaintiff's motion for reconsideration on the equal protection segment of the court's summary judgment order [ECF 575] is **GRANTED**.

2.  The court now **VACATES** that portion of its prior summary judgment order which granted the City's  motion for summary judgment on the equal protection claim, to the extent based on differential dockage fee collection activity directed toward municipal marina lessees, and here **DENIES** the City's motion for summary judgment on this aspect of the plaintiff's Equal Protection § 1983 claim.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 29th  day of October, 2014.

Daniel T. K Hurley
Untied States district Judge


cc.  All counsel
     Fane Lozman, *pro se*