UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80134-CIV-HURLEY

FANE LOZMAN,
    Plaintiff,

vs.

CITY OF RIVIERA BEACH,
    Defendant.
_____/

ORDER GRANTING IN PART & DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING
TO ADMIRALTY PROCEEDING, ARREST and SEIZURE
OF FLOATING HOME & DAMAGES TO FLOATING HOME

**THIS CAUSE** is before the court upon the motion of defendant City of Riviera Beach ("City") to exclude all evidence relating to a certain collateral admiralty proceeding, including the arrest, seizure and destruction of the plaintiff's floating home in the context of that proceeding, and damages arising from the destruction of the home, at the trial of this matter [ECF 557], the plaintiff's response in opposition [ECF 612] and the City's reply [ECF 624].

In essence, the City contends that this court's prior ruling finding the existence of probable cause to support the arrest and seizure of plaintiff's floating home as a factor which necessarily defeated plaintiff's alleged Fourth Amendment violation based on seizure of this property also applies to defeat any asserted First Amendment retaliation claim to the extent premised on the seizure of this property. The City further contends that with the elimination of the arrest and seizure evidence as a premise for the plaintiff's First Amendment retaliation claim, there is no legitimate claim or issue remaining to which the evidence relates, requiring the prohibition of the evidence for any purpose at time of trial.

In support of its motion, the City relies on *Dahl v. Holley*, 312 F.3d 1228 (11th Cir. 2002) and other Eleventh Circuit cases which hold that the existence of probable cause for the arrest of a person defeats a First Amendment retaliation claim stemming from that arrest. *See Dahl v Holley*, 312 F.3d 1228 (11th Cir. 2002), citing *Redd v City of Enterprise*, 140 F.3d 1378, 1383 (11th Cir. 1998). *See also Anderson v City of Naples*, 501 Fed. Appx. 910, 2012 WL 6570895 (11th Cir. 2012) (unpub) (existence of probable cause is absolute bar to both Fourth Amendment false arrest claim and First Amendment retaliation claim); *Wood v Kesler*, 323 F.3d 872 (11th Cir. 2003) (retaliatory prosecution claim).

In a related vein, the United States Supreme Court has held that a *Bivens* plaintiff is required to plead and prove the absence of probable cause to support a claim for retaliatory *prosecution*. *Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695, 164 L.Ed.2d 441 (2006). Whether the holding in *Hartman* extends to retaliatory *arrests* has been the subject of some conflict between the circuits. Compare *Dahl v. Holley* 312 F.3d 1228 (11th Cir. 2002) with *Skoog v. County of Clackamas,* 469 F.3d 1221, 1235 n. 57 (9th Cir. 2006) (recognizing existence of a right to be free of police action for which retaliation is a but-for cause, even if probable cause exists for that action, but finding law on point in sufficient flux at the time of incident in question so as to entitle officer to qualified immunity). *See also Royal Crown Day Care LLC v. Dept. of Health and Mental Hygiene of City of New York*, 746 F.3d 538, 544 n. 4 (2d Cir. 2014) (plaintiff may prove First Amendment retaliation, even if measures taken by defendants were otherwise justified, if defendants retained some discretion as to whether to take such measures and measures were improperly motivated by retaliation for protected speech), citing *Blue v. Koren*, 72 F.3d 1075, 1083 n. 5 (2d Cir. 1995).

More recently, the United States Supreme Court granted certiorari on the issue of whether the rule of *Hartman*, governing retaliatory prosecutions, is properly extended to retaliatory *arrests,* but ultimately decided the case presenting the issue on qualified immunity grounds, finding that law in the Tenth Circuit on the point was sufficiently ambiguous to permit a reasonable official in the shoes of the defendant to interpret the rationale of *Hartman* to extend to retaliatory arrests. *Reichle v Howards*, ___ U.S. ____, 132 S. Ct. 2088, 182 L.Ed. 2d 985 (2012).

On this background, this court is bound to apply controlling Eleventh Circuit precedent on the issue. The Eleventh Circuit has consistently held that a First Amendment retaliatory arrest claim will not lie where there is probable cause to support the underlying arrest. *See Dahl v Holley*, 312 F.3d 1228 (11th Cir. 2002), citing *Redd v City of Enterprise*, 140 F.3d 1378, 1383 (11th Cir. 1998). The rule of *Dahl* still controls in the Eleventh Circuit and this court is compelled to follow it.

The court accordingly concludes that the plaintiff's First Amendment retaliation claim in this case, to the extent premised on the arrest, seizure and destruction of his floating home, does not lie because there was probable cause to support the issuance of the warrant for the arrest of his home as determined by the admiralty court which issued the warrant on motion of the City, which alleged it was the holder of a statutory maritime lien for necessaries pursuant to 46 U.S.C. §31342 entitled to enforce its lien against the floating home. *See City of Riviera Beach v That Certain Unnamed Gray, Two-Story Vessel approximately fifty-seven feet in length, etc., in rem*, Case NO. .09-80594-CIV-DIMITROULEAS (S.D. Fla. 2010) (DE 4,6).

The court will accordingly grant the City's motion *in limine* to prohibit any evidence or reference to the federal admiralty proceedings, including the arrest, seizure and/or destruction of the plaintiff's floating home as a predicate for the plaintiff's First Amendment retaliation claim.

3

However, this court recently granted plaintiff's motion for reconsideration on the summary judgment disposition of his equal protection selective enforcement claim, finding that plaintiff has presented a cognizable "selective enforcement" claim, based on alleged uneven treatment in the City's collection activities (including the enforcement of a maritime lien against plaintiff's floating residence), regardless of whether there was probable cause for the arrest and seizure of the floating home in the first instance. *See e.g. Wayte v. United States*, 470 U.S. 598, 105 S. Ct. 1524, 84 L.Ed.2d 547 (1985) (decision to prosecute may not deliberately be based on unjustifiable standard such as race, religion or other arbitrary classification, including exercise of protected statutory and constitutional rights); *Whren v United States*, 517 U.S. 806, 813 116 Ct. 1769, 135 L.Ed.2d 89 (1996) (in selective enforcement claim based on race, right to equal protection may be violated even if actions of police are acceptable under Fourth Amendment ); *Marshall v Columbia Lea Regional Hosp.,* 345 F.3d 1157 (10th Cir. 2003) (that stop and arrest of motorist was based on probable cause did not resolve selective enforcement claim which hinged on determination of whether law enforcement officials were motivated by a discriminatory purpose and whether their actions had discriminatory effect).

In light of this ruling on the selective enforcement claim, evidence pertaining to the arrest, seizure and destruction of the plaintiff's floating home will likely be a relevant item of damages on the Fourteenth Amendment equal protection claim, should the plaintiff succeed in advancing that claim for a determination by the jury at time of trial. As there may be some legitimate purpose for the introduction of this evidence bearing on this independent alleged constitutional violation, the Court shall deny the City's motion in limine to the extent that it seeks the exclusion of all evidence pertaining the admiralty proceedings, including the arrest, seizure and destruction of the home, for

any purpose at time of trial.

Based on the foregoing, it is **ORDERED AND ADJUDGED:**

1.  The City's motion *in limine* to exclude evidence relating to the federal admiralty proceeding, including the arrest, seizure and destruction of plaintiff's floating home, and damages to floating home is **GRANTED** to the extent that such evidence may not be used to support the plaintiff's First Amendment retaliation claim.

2.  Because the evidence may have some relevancy to the plaintiff's Fourteenth Amendment equal protection "selective enforcement" claim, however, the City's motion *in limine* to exclude the evidence for any purpose at time of trial is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 4th day of November, 2014.

Daniel T. K. Hurley
United States District Judge

cc.
All counsel
Fane Lozman, *pro se*