UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FANE LOZMAN,

    Plaintiff,

vs.                              CASE NO. 08-80134-CIV-DTKH

CITY OF RIVIERA BEACH, a
Florida Municipal Corporation,

    Defendant.
_____/

## VERDICT

We, the jury, unanimously find as follows:

**On the claim for First Amendment retaliation:**

1. Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a city official or employee retaliated against him in violation of his First Amendment rights as alleged in segments (a), (b), (c) and/or (d), and that the City of Riviera Beach is liable for the retaliatory action based on one of the grounds for municipal liability as instructed by the court?

    Yes _____        No __X__

(If you answered "No" to the above question, please skip the questions 1(a), 1(b), 1(c) and 1(d) and go to question 3 below. If you answered "Yes" to the above question, please answer questions 1(a), 1(b), 1(c) and 1(d) below.)

    1(a). Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a city official or employee retaliated against him in violation of his First Amendment rights as alleged in subsection "a" and that the City of Riviera Beach is liable for the retaliatory action based on one of the grounds for municipal liability as instructed by the court?

    Yes _____        No _____

1

      1(b). Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a city official or employee retaliated against him in violation of his First Amendment rights as alleged in subsection "b" and that the City of Riviera Beach is liable for the retaliatory action based on one of the grounds for municipal liability as instructed by the court?

      Yes _____      No _____

      1(c). Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a city official or employee retaliated against him in violation of his First Amendment rights as alleged in subsection "c" and that the City of Riviera Beach is liable for the retaliatory action based on one of the grounds for municipal liability as instructed by the court?

      Yes _____      No _____

      1(d). Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a city official or employee retaliated against him in violation of his First Amendment rights as alleged in subsection "d" and that the City of Riviera Beach is liable for the retaliatory action based on one of the grounds for municipal liability as instructed by the court?

      Yes _____      No _____

      2. If you answered "Yes" to question 1(a), or 1(b) and/or 1(d), please list the amount of compensatory or nominal damages to be awarded to Mr. Lozman.

    $_____ – Past pain and suffering (incident on 10/21/2009)

    $_____ - Nominal damage of $1.00 for each constitutional violation

2

**On the claim for violation of the Fourth Amendment:**

3. Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a municipal police officer deprived Mr. Lozman of his rights under the Fourth Amendment by arresting Mr. Lozman without probable cause, and that the City of Riviera Beach is liable for the Fourth Amendment violation based on one of the grounds for municipal liability as instructed by the court?

Yes _____        No \_\_\_X\_\_\_\_\_

(If you answered "No" to the above question, please skip the next question and go to question 4 below. If you answered "Yes" to the above question, please answer question 3(a) below.)

3(a). If you answered "Yes" to question 3, award Mr. Lozman nominal damages in the sum of $1.00.

$ _____

**On the claim for violation of the Fourteenth Amendment:**

4. Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a city official or employee violated his rights under the Fourteenth Amendment by initiating an admiralty action to target and punish Mr. Lozman for having engaged in constitutionally protected speech and conduct, and that the City of Riviera Beach is liable for the Fourteenth Amendment violation based on one of the grounds for municipal liability as instructed by the court??

Yes _____        No \_\_\_X\_\_\_\_\_

(If you answered "No" to the above question, skip the next question and go to question 5 below. If you answered "Yes" to question 4 OR you answered "Yes" to question 1(c), please answer question 4(a) below.)

3

     4(a). If you answered "Yes" to question 4 OR to question 1(c), please list the amount of money Mr. Lozman is entitled to receive as compensation for the fair market value for his floating home and to compensate him for attorney's fees incurred to appeal the admiralty court's decision.

        $ _____ – for the floating home

        $ _____ – attorney's fees

**On the State law claim for unlawful arrest:**

     5. Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a municipal police officer intentionally and illegally restrained Mr. Lozman without probable cause on November 15, 2006?

        Yes _____        No   X  

(If you answered "No" to the above question, please skip the next question and go to question 6 below). If you answered "Yes" to question 5, please answer question 5(a) below.)

     5(a). Please specify the amount of money Mr. Lozman is entitled to receive for having been intentionally and illegally restrained.

        $ _____

**On the State law claim for battery (excessive force):**

     6. Did the Plaintiff, Fane Lozman, prove by a preponderance of the evidence that a municipal police officer, in arresting Mr. Lozman on November 15, 2006, used excessive force?

        Yes _____        No   X  

(If you answered "No" to the above question, please skip the next question and sign and date the

verdict form.  If you answered "Yes" to question 6, please answer question 6(a) below.)

      6(a). Please specify the amount of money Mr. Lozman is entitled to receive for having been subjected to excessive force.

$ _____

**SO SAY WE ALL.**

**Dated this** __16__ **day of December, 2014, at the United States Courthouse in West Palm Beach, Florida.**

[signature redacted]

5